THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ELMER KEVLON, Respondent.

**Crimes — appeal — decision of appellate court in criminal case final as to both parties unless permission to appeal to Court of Appeals is granted — appeal by People, without permission, from judgment of Appellate Division reversing judgment of conviction, dismissed.**

1. The language of section 520 of the Code of Criminal Procedure requires the conclusion that the party defeated in the court of original jurisdiction is entitled to one appeal and that the appellate court first entertaining appellate jurisdiction is, in the absence of a certificate allowing an additional appeal, deemed to be the court of last resort. Its decision is final as against both parties except in the event of the issue of a certificate.

2. An appeal by the People, therefore, without permission, to the Court of Appeals from a judgment of the Appellate Division reversing a judgment of the Court of General Sessions rendered upon a verdict of conviction, should be dismissed.

*People* v. *Kevlon*, 221 App. Div. 224, appeal dismissed.

(Argued November 28, 1927; decided January 10, 1928.)

1928.]        Opinion, per O'BRIEN, J.        [247 N. Y. 192]

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 14, 1927, which reversed a judgment of the Court of General Sessions of the county of New York, rendered upon a verdict convicting the defendant of the crime of robbery in the second degree and remanded the defendant for resentence.

*Joab H. Banton, District Attorney (Robert C. Taylor* of counsel), for appellant.

*Leonard F. Fish* and *David C. Broderick* for respondent.

O'BRIEN, J.    In the Court of General Sessions for New York county defendant with two others pleaded guilty of the crime of robbery in the second degree.    A fourth member of the band, who has not been apprehended, had carried a pistol during the commission of the robbery and had passed it to one of his confederates who momentarily retained it.    Although defendant never had the pistol in his possession, the sentence imposed upon him included the increased term provided for by section 1944 of the Penal Law for carrying a pistol while in the act of committing a felony.    The Appellate Division has reversed solely on the law and has remanded defendant for resentence.    The People, without obtaining a certificate either from a justice of the Appellate Division or from a judge of this court, appeals as matter of right.

In the absence of compliance with the provisions of section 520 of the Code of Criminal Procedure, we have no jurisdiction to hear the appeal.    Since the amendment to this section by chapter 465, Laws of 1926, its provisions supersede all other laws dealing with appeals in criminal actions when the judgment of the trial court is a judgment of conviction.    Its subdivision 4 so expressly declares. By section 520 as there amended the Legislature conferred a right of review upon a person convicted of crime, but declared " there shall be only one such appeal and

13

the decision of the appellate court shall be final, and no appeal shall lie from that court to any other court except as hereinafter provided." Subdivision 1 authorizes an appeal from the Court of General Sessions to the Appellate Division, except where the penalty is death, and subdivision 3 further regulates appeals in this language: " Where an appeal has been taken and has been decided by any of the appellate tribunals hereinbefore referred to, a further right of appeal to the Court of Appeals shall lie as hereinafter prescribed, but not otherwise." Then provision follows for an additional appeal only in the event of the granting of a certificate by a justice of the Appellate Division or a judge of the Court of Appeals. We are of the opinion that the Legislature declared its whole policy in relation to appeals by the People when it amended section 520 to take effect July 1, 1926, and supplemented those provisions by the amendment to section 518 to take effect July 1, 1927. In saying this we exclude appeals under sections 518 and 519 which have to do with determinations other than judgments of conviction. An interpretation directed exclusively to that part of section 520 which provides for " only one such appeal " might conceivably lead to the conclusion that it is only the party who has appealed from the court of first instance who is forbidden to take further appeal. Such interpretation, however, would compel disregard of that command in the same section which says that " the decision of the appellate court shall be *final,* and *no* appeal shall lie from that court to any other court except as hereinafter provided." Here is an instance where we think the Legislature intended its words to be literally followed. The confusion to which any other construction would lead us is pointed out in our opinion in *People* v. *Wolf* (247 N. Y. 189), decided herewith. The language of section 520, as we read it, is such as to require the conclusion that the party defeated in the court of original jurisdiction is entitled to one appeal and that the appellate

court first entertaining appellate jurisdiction is, in the absence of a certificate allowing an additional appeal, deemed to be the court of last resort. Its decision is final as against both parties except in the event of the issue of a certificate.

The appeal should be dismissed.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; KELLOGG, J., not sitting.

Appeal dismissed.