THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
        *v.* ISAAC G. WOLF, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
        *v.* GEORGE JENNINGS, Appellant.

**Crimes — appeal — practice — appeals by People in criminal cases governed by Code of Criminal Procedure, § 520 — upon reversal by County Court of judgments of conviction by police justice, appeal may be taken only to Court of Appeals, by permission — appeals to Appellate Division unauthorized and judgments of that court void.**

Section 520 of the Code of Criminal Procedure governs the practice for appeals by the People as well as by defendants. Upon the reversal by a County Court of judgments of conviction rendered by a police justice, the People could have appealed to the Court of Appeals if a judge of this court or a justice of the Appellate Division had allowed such appeal. Appeals to the Appellate Division were unauthorized and judgments thereafter rendered by that court were without jurisdiction. The defendants upon appropriate motion made to the Appellate Division will be entitled to an order expunging them as void. Appeals therefrom to the Court of Appeals should, therefore, be dismissed.

*People* v. *Wolf*, 220 App. Div. 71, appeal dismissed.

*People* v. *Jennings*, 220 App. Div. 71, appeal dismissed.

(Argued December 5, 1927; decided January 10, 1928.)

APPEAL, in each of the above-entitled actions, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 18, 1927, reversing a judgment of the Nassau County Court which in turn reversed a judgment of the Police Court of the village of Kings Point, convicting the defendants of violating a village ordinance.

*Erastus J. Parsons* for appellant.

*Elvin N. Edwards, District Attorney (Bronson Winthrop* and *Allen T. Klots* of counsel), for respondents. The Appellate Division had power and jurisdiction to entertain

the appeal by the People from the County Court. (*People* v. *Phillips*, 219 App. Div. 352; *People* v. *Goldberger*, 219 App. Div. 259; *People* v. *Fitzgerald*, 244 N. Y. 307; *People* v. *Johnson*, 187 N. Y. 319.)

*Per Curiam.* The appellants were convicted in the Police Court of the village of Kings Point, Nassau county, of the violation of a village ordinance. They appealed to the County Court, which reversed the conviction, holding that the ordinance was unconstitutional. The order of reversal was entered June 14, 1926. On July 1, 1926, section 520 of the Code of Criminal Procedure was amended by Laws of 1926, chapter 465, so as to establish a new practice upon appeals in criminal causes.

The People, dissatisfied with the judgment of the County Court, did not follow the practice prescribed by the amendment. They acted on the assumption that section 770 of the Criminal Code continued to define the governing rule upon appeals by the People where the judgment of conviction had been rendered by a minor court. Accordingly they obtained from a justice of the Supreme Court on August 3, 1926, an order allowing an appeal to the Appellate Division, and served a notice of appeal on August 26. The Appellate Division entertained the appeal, and in March, 1927, reversed the judgment of the County Court, and affirmed the judgments of conviction. Thereafter the same court allowed an appeal to this court, and certified a question for review as follows: " Was the order and judgment of reversal of the County Court of Nassau county, rendered June 14, 1926, herein, properly reversed by this court upon the law, as ordered and adjudged by the order and judgment of this court entered herein, March 18, 1927? "

We have held in *People* v. *Kevlon* (247 N. Y. 192), decided herewith, that section 520 of the Code of Criminal Procedure governs the practice for appeals by the People as well as by defendants. Upon the reversal by the

1928.]  Opinion *Per Curiam.*  [247 N. Y. 189]

County Court of the judgment of conviction rendered by the police justice, the People could have appealed to this court if a judge of this court or a justice of the Appellate Division had allowed such appeal. Instead, they undertook to appeal to the Appellate Division. That appeal was unauthorized. The judgment thereafter rendered was without jurisdiction, and the defendants upon appropriate motion made to the Appellate Division will be entitled to an order expunging it as void.

The case before us illustrates the wisdom of the ruling that section 520 applies, though the appeal is by the People. If the County Court had affirmed the judgment of conviction, there is no doubt that section 520 would have governed an appeal by the defendants. Any further appeal must have then been taken, not to the Appellate Division, but to this court, and then only by allowance. It would be anomalous to have a review by the Appellate Division upon appeal by the People, and a review by this court upon appeal by the defendant. The anomaly would not end there. A reversal by the Appellate Division and a reinstatement of the conviction, would leave the defendants helpless, for section 520 is explicit to the effect that there shall be no more than two appeals. The statutory scheme would be mutilated in its essential features if a defendant were thus to be deprived of the opportunity to obtain the judgment of this court as to the merits of a conviction.

We are not unmindful of our ruling in *People* v. *Ekerold* (211 N. Y. 386, decided in June, 1914) to the effect that an appeal may be allowed in criminal causes on questions certified by the Appellate Division after a judgment of affirmance which might otherwise be final. That ruling was made under article 6, section 9, of the Constitution of 1894: " The Appellate Division in any department may, however, allow an appeal upon any question of law which, in its opinion, ought to be reviewed by the Court of Appeals."

We were of the opinion that criminal as well as civil causes were within the scope of that provision. The new judiciary article of the Constitution (Art. VI, § 7), though containing a like provision, says distinctly that it shall apply to civil causes only. As to appeals in criminal causes, the provision is that they may be taken to this court " directly from a court of original jurisdiction where the judgment is of death, and in other criminal cases from an Appellate Division or otherwise as the Legislature may from time to time provide." The Legislature has acted pursuant to this authority, and the rule it has laid down is exclusive of any other.

The appeals in both cases should be dismissed.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Appeals dismissed.