FLAVIA MESTICHELLI, Plaintiff, *v.* LEWIS J. VALENTINE, as Commissioner of the Police Department of the City of New York, and Others, Defendants.*

Supreme Court, Special Term, New York County, October 17, 1939.

*Henry Klauber* [*Louis Baron* of counsel], for the plaintiff.

*William C. Chanler, Corporation Counsel* [*Charles C. Weinstein* and *Bernard Friedlander* of counsel], for the defendants.

* See, also, *People* v. *Pearl* (173 Misc. 467).

McLAUGHLIN, J. This application is made by plaintiff, the proprietor of a retail gasoline station in Richmond county, New York city, for a temporary injunction restraining the police commissioner, the commissioner of the department of markets, and the director of the bureau of weights and measures, from enforcing against the plaintiff the provisions of subdivision b of section B36–101.0 of the New York City Administrative Code, as added by Local Law No. 141 of the New York City Local Laws of 1939.

The plaintiff's moving papers do not show any right to the extraordinary relief sought. Moreover, this court believes that the local law under attack is constitutional. It is not arbitrary, unreasonable or oppressive. Its purpose is salutary and it eradicates an evil. It applies with the same force to all dealers and gives no one any rights or privileges not enjoyed by other dealers. It does not discriminate against any one and makes all subject to the same restrictions which are reasonable and have been made to safeguard the general public. Clearly there can be no question that the great weight of authority in our courts sustains its constitutionality. (*Biddles, Inc.*, v. *Enright*, 239 N. Y. 354; *New York ex rel. Silz* v. *Hesterberg*, 211 U. S. 31; *People* v. *Wolf*, 220 App. Div. 71; appeal dismissed, 247 N. Y. 189; *Perlmutter* v. *Greene*, 259 id. 327.) The only authority urged against it is *Cowan* v. *City of Buffalo* (247 App. Div. 591). That case is not controlling. The ordinance was unreasonable and no public good was served by it. Nor was anything that was evil corrected. Certain competitors were exempted from its operation. The court found discrimination and held that it arbitrarily interfered with private business. No such situation is presented by these papers.

The motion for a temporary injunction is in all respects denied.