THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PHILIP PEARL, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, Second Department, February 17, 1940.

*Morris Gutt*, for the appellant.

*William C. Chanler, Corporation Counsel [Charles E. Ramsgate* of counsel], for the respondent.

BAYES, Ch. J. Appeal from judgment of the Magistrates' Court of the City of New York, Borough of Queens, Part 1, rendered November 9, 1939, convicting defendant of a violation of section B36–101.0 of the Administrative Code of the City of New York, regulating the type and location of price signs to be used in connection with the sale of gasoline within the city of New York.

The complaint alleged that on September 11, 1939, the defendant did, " at or near 61–04 Queens Boulevard, Woodside, L. I. offer for sale gasoline to be used in internal combustion engines of motor vehicles, without having posted on the gasoline pump from which the gasoline was being offered for sale a sign not less than 7 inches in height and 8 inches in width, and stating clearly and legibly in numbers of uniform size the selling price per gallon, together with the name, trade name, brand mark or symbol and grade or quality classification, if any, of such gasoline, also the sign is not to be larger than 12 inches in height and 12 inches in width. Deponent states that defendant's sign on the gasoline pump was 16 inches by 5 feet, in violation of Chapter 36, Section B36–101.0 of the Administrative Code of the City of New York."

The provisions of the Administrative Code with which we are here concerned were adopted by the council of the city of New York, October 10, 1939, as Local Law No. 141 and are as follows:

## " ARTICLE 7

### " RETAIL SALES OF PETROLEUM PRODUCTS

" Section B36–101.0. It shall be unlawful for any person, firm or corporation to sell or offer for sale at retail for use in internal combustion engines in motor vehicles any gasoline unless such seller shall post and keep continuously posted on the individual pump or other dispensing device from which such gasoline is sold or offered for sale a sign or placard not less than seven inches in height and eight inches in width nor larger than twelve inches in height and twelve inches in width. and stating clearly and legibly in numbers of uniform size the selling price or prices per gallon of such gasoline so sold or offered for sale from such pump or other dispensing device together with the name, trade name, brand, mark or symbol, and grade or quality classification, if any, of such gasoline.

" a. The amount of governmental tax to be collected in connection with the sale of such gasoline shall be stated on such sign or placard and separately and apart from selling price or prices.

" b. No sign or placard stating the price or prices of gasoline other than such signs or placards as hereinabove provided shall be posted or maintained on the premises on which said gasoline is sold or offered for sale.

" Section B36–102.0. It shall be unlawful for any person, firm or corporation to sell or offer for sale gasoline at retail in any manner so as to deceive or tend to deceive the purchaser as to the price, nature, quality or identity thereof, or to sell or offer for sale from any pump or dispensing device any gasoline other than

that gasoline manufactured or distributed by the manufacturer or distributor marketing such gasoline under the name, trade name, brand, symbol or mark affixed to or contained on such pump or other dispensing device, or to substitute, mix or adulterate gasoline sold or offered for sale under a name, trade name, brand, symbol or mark.

" Section B36-103.0. Violation of any of the provisions of this article shall, upon conviction therefor, be punished by a fine of not more than two hundred fifty dollars or by imprisonment for not more than sixty days, or by both such fine and imprisonment."

It appears from the testimony that at the time in question the defendant operated a gasoline station at 61-04 Queens boulevard, Woodside, Long Island, for which a permit had been issued to him; that on all of the pumps at this station sales placards were posted as required by the above cited provisions of the Administrative Code; that there was a wooden picket fence on both the easterly and westerly boundaries of the property occupied by the gasoline station, such fence running from the building line to the rear of the station; that on the date in question a sign was standing on the property adjoining the station on its easterly side, which property is not owned by the defendant nor is any portion of it used by the defendant in the storing or sale of gasoline and petroleum products; that the sign which stood about fifteen feet easterly from the easterly fence of the gasoline station of the defendant was supported by a post sunk in the adjoining premises; that the sign itself was about five feet in height by sixteen inches in width bearing the inscription at the top " ROCOR " with a large figure 8 underneath and the figures 1.12 below the figure 8. This sign advertised the sale of Rocor gasoline at eight gallons for one dollar and twelve cents. It is conceded that maintenance of such a sign on the premises of defendant would have fallen within the inhibitions of subdivision b of section B36-101.0, above quoted. The question at issue is as to the lawfulness of the maintenance of the sign on adjoining premises from which the defendant apparently received approximately the same publicity as he would have received had the sign been maintained on his own property. Defendant testified that the adjoining property on which the objectionable sign was maintained belonged to a Mrs. Wiess. It is not clear from the record as to whether or not defendant had obtained permission from Mrs. Wiess to erect and maintain the sign, since at one place it is indicated such permission was given while at another it is indicated that it was not. This sign, however, had been erected and maintained in front of defendant's premises prior to the enactment of Local Law No. 141, and upon the enact-

ment of that law had been moved a distance of about fourteen feet to its location on the premises of Mrs. Wiess.

In view of the fact that subdivision b above referred to relates to signs that are " posted or maintained on the premises on which said gasoline is sold or offered for sale," a judgment of conviction herein cannot be sustained. We are not called upon to consider what the situation would be if the provisions of Local Law No. 141 undertook to regulate the use of signs on premises other than those used for the sale of gasoline. It is sufficient to say that the facts herein do not come within the purview of Local Law No. 141 as presently existing, and for that reason the judgment should be reversed and the complaint dismissed.

De Luca and Perlman, JJ., concur.