Burke, J.
 

 Defendants were convicted of a violation of the Administrative Code in the Magistrate’s Court of the City of New York. On appeal to the Court of Special Sessions the judgments were reversed, the complaints dismissed and the defendants discharged. An appeal has been allowed to this court pursuant to section 520 of the Code of Criminal Procedure.
 

 Since the complaints have been dismissed below the single question presented for review is whether, in any view of the evidence, it can be said that a question of fact existed as to defendants’ guilt or innocence
 
 (People
 
 v.
 
 Bellows,
 
 281 N. Y. 67, 73;
 
 People
 
 v.
 
 Potskowski,
 
 298 N. Y. 299, 303;
 
 People
 
 v.
 
 Scheinman,
 
 295 N. Y. 142, 144;
 
 People
 
 v.
 
 Rudolph,
 
 303 N. Y. 73, 79). On this record we think such a question was presented.
 

 Section B36-103.0 of the Administrative Code of the City of New York proscribes the posting at, near or about premises where gasoline is being sold, of any sign larger than 12 inches in height and 12 inches in width, which refers directly or indirectly to the price of the gasoline. Defendants, corporate owner of a gas station and its president-manager, maintained a sign measuring 5 feet in length and 3% feet in width, reading
 
 “
 
 Owned & Operated by 25 Stations Inc.” on the pumps used for dispensing gasoline at the station. The numerals “ 25 ” were painted in red and measured 36 inches in height. The words “ Owned & Operated ”, appearing above the “ 25 ”, were painted in a less striking black and measured only 6 inches in height, “ Stations ” appeared beneath the numerals, also in black and also only 6 inches in height. The abbreviation “ Inc.” was in still smaller letters beneath the word “ Stations ”.
 

 
 *491
 
 Suffice it to say that from the photographic exhibits alone and the clear picture they give of the size, location and effect of this placard or sign, there was ample evidence upon which the Magistrate could find, as he did, that the sign indirectly referred to the price of gasoline and constituted a violation of the Administrative Code.
 

 Although we hold that the record did present a question of fact for the Magistrate and that consequently a dismissal of the complaints was improper because the reversal at Special Sessions was stated to be on the facts as well as the law, a new trial must be ordered
 
 (People
 
 v.
 
 Bellows,
 
 281 N. Y. 67, 77,
 
 supra).
 

 Accordingly, the order of Special Sessions, insofar as it dismisses the complaints as to each defendant, should he reversed, and a new trial ordered.
 

 Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel and Van Voorhis concur.
 

 Order reversed and a new trial ordered.