Benjamin Gassman, J.
The defendant is charged with a violation of section 484-h of the Penal Law, in that, on January 21, 1964, he sold to one, Joseph Batti, a minor 16 years of age, a magazine entitled ‘' JEM ’ ’ which, the People charge falls within the prohibition of that section.
The court read the magazine. It consists of 75 pages and contains some short stories dealing with sex, as well as a number of photographs, some in black and white and others in color, on 20 of the 75 pages, which show nude and partially nude women.
Section 484-h of the Penal Law, insofar as it applies to this case provides that££ A person who willfully or knowingly sells, * * * shows, advertises for sale or distributes commercially to any person under the age of eighteen (18) years or has in his possession with intent to * * * show, sell, distribute commercially, or otherwise offer for sale or commercial distribution to any individual under the age of eighteen (18) years any * * * magazine * * * which consists of pictures of nude or partially de-nuded figures, posed or presented in a manner to provoke or arouse lust or passion * * * shall be guilty of a misdemeanor ”.
The testimony shows that the defendant was in charge of a newsstand at 86th Street and Lexington Avenue; that besides newspapers, there were also displayed numerous magazines, among which was the magazine in question; that when Joseph Batti selected the magazine and approached the defendant, the latter asked him whether he was 18 years of age, and on receiving an affirmative reply from Batti, he sold the magazine to him for 50 cents. This fact, together with the fact that the defendant was employed at that stand for two and one-half years prior to the date in question, is, in the opinion of the court, sufficient to establish scienter on the part of the defendant.
The fact that Batti was tall for his age, is immaterial, for it is the actual and not the apparent age that governs. (People v. Marks, 146 App. Div. 11.) In that case, the defendant was *58 charged with the ciiime of rape in the second degree, in that he perpetrated an act 'of sexual intercourse with a female, not his wife, who was at the time under the age of 18 years. The court, at page 12, said: ‘ ‘ The manifest purpose of this legislation was to protect the morals of young girls; and to render the enactment effective neither the consent, nor the previous unchastity of the girl, nor Tier representations nor information derived from others as to her age, nor her appearance with respect to age, is a defense to a prosecution ”. (Emphasis supplied.) Hence, the fact that Ratti appeared to be over 18 years of age, is not a defense to the charge.
We held in People v. Bookcase Inc. (40 Misc 2d 796, 799) affirmed by the Appellate Term, First Department (42 Misc 2d 55) that “ The State, in the exercise of its police power, may enact legislation for the protection of minors and adolescents ”. We find, as a fact, that the magazine in question falls within the prohibition of section 484-h of the Penal Law.
While the defendant is not the owner of the newsstand, but is only a salaried employee, that fact does not diminish his guilt, although it may be taken into consideration in mitigation at the time of sentence, lit is our hope that this decision will serve notice on employees of bookstores and newsstands that if they, in the course of their employment, sell to minors any book, pamphlet or magazine containing material which is proscribed by section 484-h of the Penal Law, they will be held accountable for their actions.
The defendant is found guilty.
Impellitteri, P. J., and Creel, J., concur.