HON. ROBERT G. LYMAN County Attorney, Albany County
This is in response to the letter of William J. Conboy II, First Assistant County Attorney, dated October 17, 1977, wherein you ask for an opinion regarding new subdivision 1-a of section 328-a of the General Business Law (Chapter 538 of the Laws of 1977) which reads in part as follows:
 "It shall be unlawful for a person, firm or corporation to sell or offer for sale at retail * * *."
Specifically, you ask whether the language of said subdivision renders the service station operator or the gasoline corporation who leases the station or pumps liable for non-compliance or whether a penalty may be imposed against both.
There has been no judicial interpretation of this statute per se. Likewise, the legislative history of this statute provides no information regarding the question that you have asked. However, new subdivision 1-a of section 328-a of the General Business Law is almost identical to section B 36-103.0 of the Administrative Code of the City of New York which was adopted by the Council of the City of New York on October 10, 1939, as Local Law No. 141. The specific language in question here is exactly the same language as found in section B 36-103(a) of the New York City Administrative Code.
Since the enactment of the New York City code provision, several cases have sought various forms of relief under the statute (Mestichelli vValentine, 173 Misc. 539 [Supreme Court, Special Term, New York County, 1939]; People v Pearl, 173 Misc. 467 [Court of Special Sessions of the City of New York, Appellate Part, Second Department, 1940]; People vSav-4-On-Gallon, Inc., 204 Misc. 708 [City Magistrate's Court of New York, Borough of Queens, Municipal Term, 1953]; People v Carillo,42 Misc.2d 74 [Supreme Court, Appellate Term, Second Department, 1964];People v Arlen Service Stations, Inc., 284 N.Y. 340 [1940]; People v 25Stations, Inc., 3 N.Y.2d 488 [1957]; People v Save Way NorthernBoulevard, Inc., 10 N.Y.2d 727 [1961]; and Brody v Save Way NorthernBoulevard, Inc., 14 N.Y.2d 576 [1964]; reversing 19 A.D.2d 714 [2d Dept, 1963]). Each case, however, involved an interpretation of provisions in the statute relating to the size and placement of signs and no case dealt with the issue of who is a proper party to be penalized in the event of non-compliance. In each case, the defendant either owned and/or operated the station, but the Court failed to provide any further description of the nature of ownership or the extent of the obligations incurred under a lease agreement. Thus, although section B 36-103.0 of the Administrative Code of the City of New York was enacted almost 40 years ago, there is no judicial precedent under that statute for the question posed here.
In addition, those cases which have interpreted local laws involving similar types of provisions regarding the sale of gasoline at retail, provide no further insight into who is the proper party to sue for non-compliance with the statute (see People v Passantino, 83 Misc.2d 409
[City Court of Rochester, 1975]; People v Choops, 83 Misc.2d 580 [City Court of Buffalo, 1975]; Stubbart v County of Monroe 86 Misc.2d 29
[Supreme Court, Monroe County, 1976]). The cases cited above, like those under section B 36-103.0 of the Administrative Code of the City of New York, dealt with provisions of the statutes which related to the size and placement of signs.
In the standard situation you have described whereby the station and pumps are leased by a gasoline corporation to an operator, the operator controls the manner in which work is performed and received the profits therefrom. That person is, therefore, an independent operator who would be liable for non-compliance with the statute.
Corporate liability would arise only where the corporation not only owned the station and the pumps, but also directly controlled the overall operation of the station. Under such circumstances, no lease agreement would be necessary. The operator would not be independent, but rather would be merely an employee or manager of the station for the benefit of the corporation.
In a case decided under the obscenity laws (Penal Law 1909, § 484-h) it was held that an individual who was not an owner of a newstand, but was only a salaried employee, could not escape liability under the statute. Rather, such fact could be taken into consideration in mitigation at the time of sentence People v Lida 42 Misc.2d 56, Criminal Court of the City of New York, New York County, 1964, affd 43 Misc.2d 692, Supreme Court, Appellate Term, First Department, 1964).
We are not in a position at this time to anticipate how a court might rule on whether this rationale is applicable to employees of gasoline stations who are in a position "to sell or offer for sale at retail." We therefore conclude that where a gasoline corporation leases a station and pumps to an operator, said operator is a proper party to be penalized in the event of non-compliance with section 328-a(1-a) of the General Business Law. The determination of whether an employee of the station may also be held liable is a matter for judicial interpretation.