OPINION OF THE COURT
Per Curiam.
CPL 450.10, as amended by the Laws of 1984 (ch 671), purports to disallow an appeal as of right to the Appellate Division where the sole issue raised is the excessiveness of a negotiated sentence imposed by a judgment rendered upon a guilty plea.[1] We conclude that, in doing so, it imposes a *268 limitation or condition on the jurisdiction of the Appellate Division of Supreme Court in contravention of NY Constitution, article VI, § 4 (k).[2] In each of these two cases, therefore, the Appellate Division erred in relying upon the statute to dismiss the appeal taken as of right by the defendant.[3]
Section 4 (k) of article VI prohibits legislative curtailment of Appellate Division jurisdiction over appeals from final judgments. On its effective date, the Appellate Division was obliged to entertain all appeals from final judgments in criminal cases, including those rendered upon guilty pleas imposing negotiated sentences (see, e.g., People v Thompson, 60 NY2d 513, 520; People v Zuckerman, 5 NY2d 401). That preexisting duty had been "constitutionalized” by the adoption of various provisions, beginning with article VI, § 2 (1894) which vested in the Appellate Divisions all the jurisdiction previously exercised by the General Term. The section was amended in 1925 by the addition of language vesting in the Appellate Division "such original or appellate jurisdiction as is now or may hereafter be prescribed by law”, which change has been interpreted as "influenced by a desire to preserve the jurisdiction of the Appellate Divisions as broadly as it was then constituted” (9 New York Constitutional Convention of 1938, Problems Relating to Judicial Administration and Organization, at 97 [Poletti ed]). The 1925 Amendment was regarded as prohibiting the Legislature from reducing the jurisdiction of the Appellate Division in any way (1957 Report of Temporary Commn on the Courts, 1957 McKinney’s Session Laws of NY, at 1576). The Temporary Commission had also recommended the creation of an appellate tribunal apart from Supreme Court, with its jurisdiction expressly delineated by constitu *269 tional provision. That recommendation was later withdrawn for fear that "the creation of a separate court with a new definition of appellate and original jurisdiction might unwittingly result in the loss of some jurisdiction” (Recommendations of Temporary Commn on the Courts, 1958 McKinney’s Session Laws of NY, at 1683). Finally, in 1958, the Judicial Conference recommended that the Appellate Divisions be continued as then constituted. As a result of the foregoing reports, at the 1959 legislative session several joint resolutions to amend article VI were proposed and debated. In adopting the joint resolution that was to become the present section 4 (k), the Legislature rejected, among others, one that would have conferred upon the Appellate Division only such "appellate jurisdiction as provided by law.” This history indicates that section 4 (k) was intended to render inapplicable the general rule that the right to appellate review is purely statutory.
The People attempt to avoid the consequence of the constitutional command by ascribing to the term jurisdiction a narrow definition: that it relates only to the power of a court to decide a case properly before it, not to the duty of a court to hear a particular case. Our precedents are to the contrary, however, indicating that "[¡jurisdiction is a word of elastic, diverse, and disparate meanings” (Lacks v Lacks, 41 NY2d 71, 74, rearg denied 41 NY2d 862; see also, Nuernberger v State of New York, 41 NY2d 111, 115, 117). Among those definitions is the duty of a court to consider an appeal brought before it as of right (see, e.g., People ex rel. Feeny v Board of Canvassers, 156 NY 36, 43 [Haight, J., concurring], rearg denied 156 NY 686; see also, Governor’s Memorandum of Approval, L 1985, ch 300, in 1985 McKinney’s Session Laws of NY, at 3292 [substitution of an appeal by permission for certain appeals formerly as of right to this court termed a "jurisdictional revision”]).
In People v Kevlon (247 NY 192, rearg denied 247 NY 584), the People appealed to our court from a judgment of the Appellate Division reversing the defendant’s conviction. A recently enacted statute, Code of Criminal Procedure § 520, the constitutionality of which was not there being challenged, provided with respect to such appeals to our court that a certificate of a Justice of the Appellate Division or a Judge of our court was required, just as the statute here being challenged requires the permission of a Justice of the Appellate Division for an appeal to that court. In Kevlon, we concluded: *270 "In the absence of compliance with the provisions of section 520 of the Code of Criminal Procedure, we have no jurisdiction to hear the appeal” (247 NY, at p 193). Similarly, in the case before us, the statutory abrogation of the unconditional right to appeal is jurisdictional.
The text of the controlling constitutional provision itself supports such a position. Fairly read, it permits the Legislature to expand the jurisdiction of the Appellate Division but not contract it, except with regard to appeals from nonfinal orders. In those cases, the Legislature is authorized to limit or condition Appellate Division jurisdiction, implying that it may not so limit or condition the taking and deciding of appeals in any other instance (see, Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208-209; Matter of Schultz Mgt. v Board of Stds. & Appeals, 103 AD2d 687, 689, affd 64 NY2d 1057). The statutory abrogation of the right to appeal, leaving only the right to seek leave of a single Justice, not even the court itself, to take an appeal, represents both a limitation and condition on the formerly existing right to appeal from a final judgment or sentence. In People v Pollenz, the People’s motion to dismiss the appeal should be denied. In each case, the order of the Appellate Division dismissing the defendant’s appeal to that court should be reversed, and the case should be remitted to the Appellate Division for determination of the appeal.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur in Per Curiam opinion; Judge Titone taking no part.
In each case: Order reversed and case remitted to the Appellate Division, Second Department, for determination of the appeal.

. In pertinent part, the statute provides:
"§450.10 Appeal by defendant to intermediate appellate court; in what cases authorized as of right.
"An appeal to an intermediate appellate court may be taken as of right by the defendant from the following judgment, sentence and order of a criminal court:
"1. A judgment other than one including a sentence of death, unless the appeal is based solely upon the ground that a sentence was harsh or excessive when such sentence was predicated upon entry of a plea of guilty *268 and the sentence imposed did not exceed that which was agreed to by the defendant as a condition of the plea and set forth on the record or filed with the court as required by subdivision five of section 220.50 or subdivision four of section 340.20.”

. That section provides: "k. The appellate divisions of the supreme court shall have all the jurisdiction possessed by them on the effective date of this article and such additional jurisdiction as may be prescribed by law, provided, however, that the right to appeal to the appellate divisions from a judgment or order which does not finally determine an action or special proceeding may be limited or conditioned by law.” The effective date of that provision was September 1, 1982 (see, NY Const, art VI, § 37).

. Our disposition on this ground obviates the need to determine whether, as both defendants claim, they also have a due process right to Appellate Division review of their sentences under NY Constitution, article I, § 6. We also need not consider defendant Pollenz’s claim that CPL 450.10 (1) by its terms does not apply his situation.