■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GREENE, Appellant.—Kane, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 26, 1985, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Pursuant to a negotiated plea arrangement,* defendant waived indictment and pleaded guilty to an amended superior court information charging sexual abuse in the first degree. Defendant subsequently received the negotiated prison sentence of 1 to 3 years.

Defendant's contentions on appeal concern only the severity of his negotiated sentence imposed by a judgment rendered upon a guilty plea. In a situation such as this, CPL 450.10 purports to disallow an appeal as of right. However, in a recent decision, the Court of Appeals found that insofar as CPL 450.10 disallowed an appeal as of right, it violated the

---

* There were two plea conferences in this case. And, during the plea colloquy, County Court inquired as to whether defendant understood that if he pleaded guilty to sexual abuse in the first degree he would receive a "sentence of from one to three years in a State Correctional Facility". Defendant asserted that he understood this arrangement.

New York Constitution *(People v Pollenz,* 67 NY2d 264). Accordingly, we must consider defendant's appeal upon the merits.

As noted above, defendant contends that his sentence was excessive. We have reviewed defendant's arguments in this regard and find them lacking in merit. The sentence imposed was well within the statutory guidelines (Penal Law §§ 130.65, 70.00 [2] [d]; [3] [b]) and, in fact, demonstrated leniency on the part of County Court. There is nothing in the record to indicate that the sentence was harsh or excessive, or that County Court abused its discretion in imposing the negotiated sentence. The judgment should therefore be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.