People v Vella (2026 NY Slip Op 01420)

People v Vella

2026 NY Slip Op 01420

Decided on March 12, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 12, 2026

113479
[*1]The People of the State of New York, Respondent,
vDylan K. Vella, Appellant.

Calendar Date:February 18, 2026

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Thomas J. Butler, Albany, for appellant.
G. Scott Walling, Special Prosecutor, Slingerlands, for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Saratoga County (James Murphy III, J.), rendered January 11, 2022, convicting defendant upon his plea of guilty of the crimes of murder in the second degree, assault in the first degree (two counts), assault in the second degree and sexual abuse in the first degree.
In satisfaction of a 23-count indictment, defendant pleaded guilty to murder in the second degree, two counts of assault in the first degree, assault in the second degree and sexual abuse in the first degree and agreed to waive his right to appeal. In accordance with the plea agreement, County Court sentenced defendant to a prison term of 20 years to life for his conviction of second-degree murder and lesser concurrent prison terms, followed by periods of postrelease supervision, on the remaining convictions. Defendant appeals.[FN1]
The sole issue raised by defendant on appeal is that the agreed-upon sentence is harsh and severe, and he asks that it be reduced in the interest of justice. Defendant's request for such review, however, is foreclosed by his unchallenged appeal waiver (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Andrews, 244 AD3d 1324, 1324 [3d Dept 2025]; People v Hardy, 243 AD3d 968, 968 [3d Dept 2025]).
Reynolds Fitzgerald, J.P., Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although the People assert that the appeal should be dismissed pursuant to CPL 450.10 (2), which "purports to disallow an appeal as of right to the Appellate Division where the sole issue is the claimed excessiveness of the agreed-upon sentence imposed by a judgment rendered upon a guilty plea, that provision was found to be an unconstitutional limitation on the jurisdiction of the Appellate Division" (People v Manson, 205 AD3d 1150, 1151 [3d Dept 2022]; see People v Pollenz, 67 NY2d 264, 267-269 [1986]).