LEVY *v.* CITY OF PONTIAC.

1. Constitutional Law—Police Power—Retail Sale of Gasoline—Public Interest.

   The retailing of gasoline per se is not a business so affected with the public interest as to warrant the exercise of the police power in the absence of a showing of a particular evil so affecting the public, such sale being the same as the merchandising of any other commodity (US Const, am 14; Mich Const 1908, art 2, § 4; Pontiac Ordinance No 985, § 5).

2. Same—Police Power—Fraudulent Advertising.

   It is within the police power to prohibit false, fraudulent or misleading advertising.

3. Same—Advertising of Merchandise.

   The right to advertise one's merchandise is, subject to the exercise of the police power prohibiting false, fraudulent or misleading advertising, within the right to liberty and property and the denial of such right is a taking of property without due process of law.

4. Same—Business Practices—Display of Retail Price of Gasoline.

   Business practices, such as displaying the price at which gasoline is sold at retail, have no detrimental effect on public health, peace, morals, safety and welfare.

5. Municipal Corporations—Advertising Price of Gasoline.

   The size of signs displaying price of gasoline which a seller of gasoline at retail may care to use and their location at points other than the pumps, if such signs are not misleading or fraudulent, may not be regulated by the legislative body of a city (US Const, am 14; Mich Const 1908, art 2, § 4; Pontiac Ordinance No 985, § 5).

---

[1, 4–6] 24 Am Jur, Gasoline Filling Stations § 4.
[1, 4–6] Public regulation or authorization of gasoline-filling stations. 49 ALR 767; 55 ALR 256; 79 ALR 918; 96 ALR 1337.

6. SAME—ORDINANCES—ADVERTISING PRICE OF GASOLINE.
  City ordinance prohibiting the posting of signs stating price of
    gasoline on premises wherein gasoline is sold at retail elsewhere
    than at pumps and limiting size of signs thereon to not larger
    than 12 by 12 inches bears no reasonable relation whatsoever
    to public peace, health, morals, welfare or safety and is void
    (US Const, am 14; Mich Const 1908, art 2, § 4; Pontiac Ordi-
    nance No 985, § 5).

Appeal from Oakland; Doty (Frank L.), Holland
(H. Russel), and Hartrick (George B.), JJ. Sub-
mitted June 7, 1951. (Docket No. 40, Calendar No.
45,157.) Decided September 5, 1951.

Bill by J. J. Levy and another, copartners doing
business as Oakland County Gas & Oil Company,
against City of Pontiac to restrain enforcement of
provisions of ordinance and to have it declared un-
constitutional. Oakland County Retail Gasoline
Dealers Association intervened as party defendant.
Decree for plaintiffs. Defendant city appeals. Af-
firmed.

*Glenn C. Gillespie,* for plaintiffs.

*William A. Ewart,* for defendant city.

*Voorhies, Long, Ryan & McNair,* for intervenor.

BUSHNELL, J. The city of Pontiac has appealed
from a decree entered in the circuit court for the
county of Oakland, based upon an opinion rendered
by the 3 judges of that circuit. The trial judges held
that the hereinafter quoted portion of section 5 of
Ordinance No 985, adopted on August 26, 1941, was
an improper exercise of the police power having "no
relation to the public health, morals, welfare or
safety."

This portion of the section reads:

"No sign or placard stating the price or prices
of gasoline other than such signs or placards as here-

inabove provided [signs not larger than 12 by 12 inches attached to pumps or dispensing devices] shall be posted or maintained on the premises on which said gasoline is sold or offered for sale."

The court held that other signs on the premises larger than those required on gasoline pumps are neither deceptive nor fraudulent, and that the right to truthfully advertise the price at which gasoline is sold on service station premises is a legitimate and valuable incident to such business.

The court found that the quoted provision of the ordinance is a deprivation of property without due process of law, constitutes an unlawful interference with private business, and is null and void because contrary to the Fourteenth Amendment to the Constitution of the United States and article 2, § 4, of the Constitution of the State of Michigan (1908). The city was permanently restrained from enforcing or attempting to enforce the above quoted portion of section 5 of the ordinance.

Plaintiff copartnership, Oakland County Gas & Oil Company, is a retail and wholesale dealer in gasoline and other petroleum products. It operates 9 retail gasoline service and filling stations in Oakland and Macomb counties. The company purchases gasoline at the refinery and hauls it to its own stations, thus effecting a saving of about 4 cents a gallon. This saving and others due to its method of conducting business are passed on to the consumer by means of prices less than those charged by other gasoline stations. The gasoline sold compares favorably in octane rating and quality with that sold in the local market.

Appellant city argues that the ordinance is a valid exercise of its police power; that it bears a reasonable relation to the public peace, health, morals, welfare and safety in that it prevents fraudulent and

deceptive advertising; that it prevents small gasoline station operators from being squeezed out as a result of monopolistic practices, and that the signs permitted (12 by 12 inches in size) are ample to inform the public of the prices at which plaintiff sells gasoline.

The controlling question is whether the controversial portion of the ordinance bears a reasonable relation to the public peace, health, morals, welfare and safety. Incidental thereto is the question of whether the retailing of gasoline *per se* is a business so affected with the public interest as to warrant the exercise of the police power, without a showing of a particular evil so affecting the public.

This latter question was answered in *Williams* v. *Standard Oil Co.*, 278 US 235 (49 S Ct 115, 73 L ed 287, 60 ALR 596), where the court held there could be no price regulation of gasoline because it is not "affected with the public interest," and that its sale is the same as the merchandising of any other commodity.

It is within the police power to prohibit false, fraudulent or misleading advertising. *Jasnowski* v. *Judge of Recorder's Court of the City of Detroit,* 192 Mich 139, and *People* v. *Austin,* 301 Mich 456.

The right to advertise one's merchandise is, subject to the police power mentioned, within the right to liberty and property. The denial of such right is a taking of property without due process of law. *Ritholz* v. *City of Detroit*, 308 Mich 258.

Business practices, such as the one against which the ordinance in question is directed, have no detrimental effect on public health, peace, morals, safety and welfare. The size of signs which plaintiff may care to use, and their location at points other than the pumps, if such signs are not misleading or fraudulent, may not be regulated by the legislative body of defendant city.

With respect to the Massachusetts authorities cited by defendant, *Slome* v. *Chief of Police of Fitchburg,* 304 Mass 187 (23 NE2d 133), followed in *Merit Oil Company* v. *Director of the Division on the Necessaries of Life,* 319 Mass 301 (65 NE2d 529), we agree with the court's observation on the *Slome Case* in *State* v. *Miller,* 126 Conn 373 (12 A2d 192), that:

"This decision appears to assume, without any substantial basis, that the prohibition is to prevent fraud and then to apply the unquestioned doctrine that the legislation to prevent fraud is within the police power."

See *Sperry & Hutchinson Co.* v. *Director of the Division on the Necessaries of Life,* 307 Mass 408 (30 NE2d 269, 131 ALR 1254), which cited *People* v. *Victor,* 287 Mich 506 (124 ALR 316).

We are in accord with the court's reasoning in *Regal Oil Co.* v. *New Jersey,* 123 NJL 456 (10 A2d 495), that:

"But assuming that there had been tense competition between dealers in the industry, we fail to see its relevancy. In the absence of a valid agreement to the contrary, or the violation of any valid public law, we know of nothing which makes or should make dealers in the sale of motor fuels any more immune from tense competition than any other merchantmen.

"Nor do we discern any merit in the claim that subdivision (c), section 201 of the act of 1939* can be supported upon the ground that it was enacted to prevent fraud and misrepresentation in the industry. A regulation sign posted on the pump or other equipment cannot be seen until one gets within a very few feet of it. The signs used * * * can be seen for a considerably greater distance. If the regulation sign serves to prevent fraud and mis-

---

* NJ Laws 1938, ch 163, p 363, art 2, § 201, as amended by NJ Laws 1939, ch 62, p 103 (56 NJSA 6–2).—REPORTER.

representation then surely prosecutor's larger signs should even more effectively tend to accomplish the same result."

See, also, *New State Ice Co.* v. *Liebmann,* 285 US 262 (52 S Ct 371, 76 L ed 747).

The rule applied in *People* v. *Victor, supra,* and *Ritholz* v. *City of Detroit, supra,* is applicable here. The ordinance bears no reasonable relation whatsoever to public peace, health, morals, welfare or safety.

The decree is affirmed, with costs to appellees against the defendant city of Pontiac only.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.