I. Stanley Rosenthal, J.
After trial, the information is dismissed and the defendants are discharged.
This is a prosecution by the Town of North Hempstead based on an alleged violation of subdivision (c) of section 19.14 of article XIX of the Building Zone Ordinance of the Town of North Hempstead.
Section 19.14 reads as follows: “ Gasoline Station Signs. Notwithstanding Sections 19.10, 19.11 and 19.12 of this Article the following signs, deemed customary and essential, shall be permitted as accessory to an existing gasoline station in any use district: * * * (c) Signs showing the selling price of gaso *683 line, not to exceed one (1) such sign for each gasoline pump and attached thereto, and measuring not less than seven (7) inches in height and eight (8) inches in width nor more than twelve (12) inches square In the information, the complaining witness, a zoning inspector for the Town of North Hempstead, charges that “ the defendants did at the time and place aforesaid (on the 27th and 28th days of January, 1972) maintain gas price signs in a location other than attached to the gasoline pump and larger than the required measurement, to wit: the signs are located in front of the gas pumps and measure 5'7" high x 4'2" wide.” At the trial the building inspector testified that the defendants had on display a gas price sign, as set out in the information. The defendants moved to dismiss on the ground that the People had not proved a prima facie case, which motion was denied. The defendants, appearing pro se, rested without any offer of proof, challenging the ordinance as unconstitutional in that the maximum size of sign provision was not a valid exercise of the town’s police power; was not a reasonable regulation in that it violated defendants ’ rights under the Fourteenth Amendment; and was an unnecessary and oppressive restriction of a lawful business.
In short, the attack was not on every portion of the ordinance but only on that portion which limits the signs to a maximum of 12 inches square.
The town relies essentially on the Court of Appeals decision in the case of People v. Arlen Serv. Stations (284 N. Y. 340 [1940]). In the Arlen case a similar city ordinance had been enacted and read as follows: ‘ ‘ Article 7. Eetail Sales of Petroleum Products. § B36-101.0. It shall be unlawful for any person, firm or corporation to sell or offer for sale at retail for use in internal combustion engines in motor vehicles any gasoline unless such seller shall post and keep continuously posted on the individual pump or other dispensing device from which such gasoline is sold or offered for sale a sign or placard not less than seven inches in height and eight inches in width nor larger than twelve inches in height and twelve inches in width and stating clearly and legibly in numbers of uniform size the selling price or prices per gallon of such gasoline so sold or offered for sale from such pump or other dispensing device together with the name, trade name, brand, mark or symbol, and grade or quality classification, if any, of such gasoline.”
However, the facts in that case were not comparable to those before this court. In that case the defendants had failed to post a sign showing the selling price of the gasoline offered for sale on 4 of its 6 pumps, while the other 2 had signs. The thrust of *684 the court’s opinion was that the ordinance was valid because it was necessary under the city’s police power to protect the consumer by letting him know the price of the gas he was purchasing.
In the case before us, there is no objection to the basic ordinance requiring the posting of a price sign on the gas pumps. Defendants’ argument here is that the maximum size limitation contained in the ordinance is invalid since it is a violation of the “ due process clause ”. The defendants rely on People ex rel. Jones v. Mestichelli (18 N. Y. S. 2d 406) in which a City Magistrates’ Court decided that the city statute was unconstitutional as violating the “ due process clause.” (See, also, 67 N. Y. Jur., Zoning and Planning Laws, § 256, p. 805.)
The court must now decide whether the maximum size limitation contained in the ordinance on which this prosecution is based is constitutional. (People v. Nadler, 1 Misc 2d 31.) This court is of the opinion that the maximum size limitation portion of the ordinance is unconstitutional.
A substantial number of cases in other jurisdictions have held that the imposition of maximum size limitations are an invalid exercise of the police power because they have no substantial relation to the general welfare. In State v. Hobson (46 Del. 381 [1951]) the court stated that a requirement of minimum size price sign has a relation to the prevention of deception. However, a maximum limitation could have no such connection. The minimum size requirement is a reasonable regulation intended to prevent fraud and deception in retail sales of motor fuel. However, there seems to be no logical reason why a maximum should be established unless there are such reasons as safety or other detrimental effects that can be caused by such a sign. There is no such argument by the town in this prosecution.
A similar ordinance, limiting the maximum sign to 12 inches by 12 inches, was held to be an unconstitutional restraint on the use and enjoyment of defendants’ property in Town of Miami Springs v. Scotiville (81 So. 2d 188 [Fla.]). The court there was of the opinion that the ordinance amounted to the taking of property without due process of law since, the ordinance bore no reasonable relation to public health, safety, or morals.
Again, in the State of Louisiana in City of Lake Charles v. Hasha (238 La. 636) the court held a similar 12 inches by 12 inches maximum size provision was in violation of the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments. The court said (p. 644): ‘ ‘ it is difficult to see how restriction in size of signs on which is printed the price at which petroleum products are sold or offered for sale bears any rela *685 tionship to the prevention of fraud.” The court observed that the placing of larger signs where passing motorists may see them is less conducive to fraud.
The court concluded that business practices such as the one against which that ordinance was directed have no detrimental effect on public health, peace, morals, safety or welfare.
In Sears, Roebuck & Co. v. City of New Orleans (238 La. 936) the court refused to sustain the same ordinance and held it unconstitutional as violative of the Fourteenth Amendment. In this case the court said the ordinance also could not be sustained on the ground of improving aesthetic conditions since the city could not single out one business or industry and regulate its signs only.
In the State of Maine in State v. Union Oil Co. (151 Me. 438), the court again struck down a maximum size limitation on gas price signs as being violative of the Fourteenth Amendment as well as the Constitution of the State of Maine. The court found the statute arbitrary and not necessary to protect public health, morals or welfare, being unnecessary and oppressive. This was an invalid restriction on a lawful business. To the same effect: Levy v. City of Pontiac (331 Mich. 100); Gambone v. Commonwealth (375 Pa. 547). See, also, Ann. 89 ALE 2d 922 et seq.
There are two cases, one in Massachusetts, Slome v. Chief of Police of Fitchburg (304 Mass. 187) and People v. Arlen (supra), which have upheld these statutes. However, Arlen was not on facts similar to those before this court.
The court is adopting the test for constitutionality as laid down in Matter of Avon Western Corp. v. Woolley (266 App. Div. 529). To sustain legislation under the “police power”, the operation of the law must tend to prevent offense or evil or preserve public health, morals, safety or welfare; it should appear that the interests of the public generally are served and that the means used are reasonably necessary for the accomplishment of the purpose and not unduly oppressive upon individuals. (See, also, People v. Kuc, 272 N. Y. 72; People ex rel. Moskowitz v. Jenkins, 202 N. Y. 53.)
Based on this test, the court is convinced that the maximum size of sign provision of the ordinance upon which this prosecution is based is unconstitutional in that it is oppressive and imposes an undue burden on defendants’ business. Parenthetically it is interesting to note that although the defendants ’ gas station is prevented by this ordinance from using a larger than 12 inches by 12 inches sign, in the village immediately adjacent and only a few hundred feet away from the gas station involved here (Village of New Hyde Park) there is no similar ordinance *686 limiting the signs’ size and the signs used in the village area are similar to those defendants are accused of using. Accordingly, this court has no alternative but to declare the maximum size limitation contained in the ordinance upon which this prosecution is based, as unconstitutional. The court wants to make it clear that this decision is not intended to invalidate the entire ordinance but only to reject as unconstitutional that portion of it which sets a maximum limit of 12 inches square. (See 8 N. Y. Jur., Constitutional Law, § 86, p. 615; Lucien Lelong, Inc. v. Mohr & Co., 169 Misc. 560.)
The court also finds that the testimony offered by the People failed to show a violation of subdivision (c) of section 19.14. This section of the ordinance requires a sign of certain dimensions on each pump. Nowhere in the testimony did the inspector testify that any pump lacked such a sign. In fact, both the information and the testimony talk about a sign in front of the pump. It is manifest that such a sign is not specifically prohibited by subdivision (c) of section 19.14, and it accordingly follows that the defendants cannot be held for a violation of that section.