Julian F. Kubiniec, J.
The defendant, an operator of a gasoline service station, was charged by an Inspector of the Bureau of Weights and Measures of the City of Buffalo for violating chapter VII, article V, section 92 of the Ordinances of the City of Buffalo for having a portable sign at the sidewalk advertising the price of gasoline on a sign which was approximately 3 feet wide and 5 feet tall.
Defendant moves this court to dismiss the information based on the grounds that sections 90 and 92 of the City Ordinances are invalid in that the defendant’s right to do business is being infringed upon unconstitutionally. The defendant alleges that his gasoline station is very close to the Town of Cheektowaga which does not limit the size of gasoline advertising signs and that in order to remain in business he must be able to effectively compete and cannot do so if he is restricted by an ordinance which limits the size of a display sign.
*581 Article VII, section 90 of the City of Buffalo Ordinances states the following: "signs required. It shall be unlawful for any person, firm or corporation to sell or offer for sale at retail for use in internal-combustion engines or in motor vehicles any gasoline unless such seller shall post and keep continuously posted on each individual pump or other dispensing device from which such gasoline is sold or offered for sale a sign or placard not less than seven (7) inches in height and eight (8) inches in width nor more than twelve (12) inches in height and twelve (12) inches in width, stating clearly and legibly in numbers of uniform size the selling price per gallon of such gasoline so sold or offered for sale from such pump or other dispensing device, together with the name, trade name, brand, mark or symbol and grade or quality classification, if any, of such gasoline.”
Article VII, section 92 of the City of Buffalo Ordinance states the following: "no other signs to be used. No sign or placard stating the price other than such sign or placard as above specified shall be posted or maintained on the premises on which gasoline is sold or offered for sale.”
The New York State Court of Appeals dealt with a New York City Ordinance which is almost identical to the one in section 90 in People v Arlen Serv. Sta. (284 NY 340). The ordinance was attacked as being unconstitutional. The Court of Appeals in its decision found the ordinance to be valid as a necessary exercise of the police power of the municipality to protect consumers from fraudulent and deceptive advertising practices in requiring gasoline stations to put the public on notice as to the cost of gasoline. The defendant in that case argued that he could not be required to display signs advertising the price of gasoline but the court ruled otherwise.
In the instant case, the defendant does not contest the city’s right to require him to display signs advertising the price of gasoline but argues that the ordinance limits him in the size of a sign that he can display and that he is unduly burdened by being required to post signs on each individual fuel pump.
People v Arlen (supra) in construing an identical statute stated that it was intended to protect the consumer by permitting him to know the price of gasoline he was purchasing. In applying the normal rules of statutory construction which require an analysis of the separate provisions of the ordinances, its titles and viewed in the light of its scope and apparent object and purpose, it is clear that the real purpose *582 and intent of sections 90 and 92 is the same as the one declared by the Court of Appeals in the Arlen case.
The defendant challenges the ordinance’s requirement in that he is limited in the size of the sign to a maximum of 12 inches square. The ordinance, as noted, does not set minimum or maximum sizes for the numbers which are to appear on the sign and it is unclear as to how the consumer can be properly advised and protected if the message on the sign or placard is set forth in minuscule dimensions. To require a consumer to actually have to drive into a service station in order to read the price of gasoline, in such a situation, results in a complete failure of the ordinances to fulfill their intent.
In People v Braun (69 Misc 2d 682) the court squarely faced a local ordinance similar to the one present here, involving a gas station operator who was located a few hundred feet from an adjoining village which had no ordinance restricting the location or size of gasoline advertisement signs. In People v Braun (supra) the defendant was accused of violating the local ordinance by displaying a sign which was 5 feet, 7 inches high and 4 feet, 2 inches wide whereas the ordinance prohibited a sign in excess of 12 inches square. The court struck down as unconstitutional that part of the ordinance which prohibited a sign larger than the maximum permitted by the ordinance as being oppressive and an undue burden on the defendant’s business. The court determined that in legislating under the police power, the operation of the law must tend to prevent offense or evil or preserve public health, morals, safety or welfare and it should appear that the interests of the public are generally served and that the means used are reasonably necessary for the accomplishment of the purpose and not unduly oppressive upon individuals. The court further noted that similar ordinances limiting the maximum size of such signs were struck down as unconstitutional in Delaware, Florida, Louisiana, Maine, Michigan and Pennsylvania. The prevailing weight of authority holds that ordinances and statutes limiting the maximum size of gasoline price signs are unconstitutional and an invalid exercise of police powers.
Counsel for the People contends that the ordinance is a valid exercise of the police power based on the principle that a municipality may effectively legislate in this area on aesthetic grounds. Ordinances based on this ground have been quite consistently held to be valid and constitutional if such was their purpose. However, there is no indication that sections 90 *583 and 92 were intended to legislate aesthetics especially in view of the fact that gasoline service stations presently are permitted to display large banners and signs advertising batteries, tires, tune-ups, car washes, automotive parts and even photographic supplies and chinaware. Clearly, the ordinance cannot be sustained as a valid exercise of a municipality’s police powers on aesthetic principles.
Section 90 of the Buffalo City Ordinance is an almost verbatim duplicate of the New York City Administrative Code which went into effect in the 1930’s. The original intent of that code as enunciated by Arlen (supra), to apprise the consumer of the cost of the price of a product, continues to be a proper and viable basis for legislation which is reasonable and constitutional. However, that part of sections 90 and 92 which prohibits the maximum size of a gasoline advertising sign or placard is unconstitutional, oppressive and an undue burden on the defendant’s right to conduct his business. It is more reasonable, in view of the intent of this ordinance, to require a minimum size to prevent deception but to limit a maximum sign to 12 inches square without specifying the minimum size of the numbers and lettering thereon is clearly (or unclearly, depending on one’s acuity and focal range) unreasonable and entirely fails to accomplish the purpose of the ordinances.
Defendant’s motion to dismiss the information is hereby granted.