Andrew V. Siracuse, J.
This is a motion for preliminary injunction pursuant to CPLR 6311, by which plaintiff seeks to restrain and enjoin any action on the part of defendants to enforce Monroe County Local Law No. 2 of 1975 pending the determination of an action seeking to declare the local law to be void and unconstitutional insofar as it may be applied to the , facts of the case. Justice Joseph G. Fritsch signed an order to show cause directing that the motion be heard on November 26, 1975 and temporarily restraining enforcement *30 of Local Law No. 2 pending determination of the motion. That order was signed on November 19,1975.
Local Law No. 2 is entitled "A Local Law Regulating the Retail Sale of Gasoline, Kerosene and Diesel Fuel Within the County of Monroe Including Controls Over Fraudulent Practices and Price Signs.” It appears, taken at its simplest, to attempt to perform three functions. First, certain fraudulent practices with regard to the sale of gasoline, kerosene and diesel fuel are prohibited. Second, every retailer is required to install certain price signs on pumps dispensing those products. Third, sections 1(B)(4) and (5) of the law purport to restrict and regulate the number and maximum size of all gasoline price signs other than the signs required to be affixed to the pumps. Specifically, such sections limit gasoline service stations to the installation of no more than one sign (other than the pump signs), with such additional sign not to exceed 18 inches in height and 18 inches in width. It is that third purpose which is the subject of this action.
The pleadings and other papers before the court indicate that the plaintiff is the owner and operator of a retail gasoline service station located at 1477 Jefferson Road in the Town of Henrietta, New York. Henrietta is within Monroe County, and would therefore come within the geographic jurisdiction of Local Law No. 2. Plaintiff has, in the operation of that service station, apparently complied with all of the provisions of Local Law No. 2 except those subsections which would restrict a service station operator from installing signs other than the required on-pump signs and one additional sign not exceeding 18 inches in height and 18 inches in width. It is not contested for the purposes of this action that the plaintiff has, on numerous occasions since the effective date of Local Law No. 2, installed a large sign, not authorized by statute, at his gasoline service station near the curb along Jefferson Road, which sign stated in large letters facing in both directions along Jefferson Road the price of one grade of gasoline offered for sale showing 56.9 cents per gallon. That sign exceeds the maximum size limitation stated in Local Law No. 2.
The pleadings and supporting papers for this motion also indicate that on a number of occasions plaintiff has removed the large sign and not used it during certain sales days. He has correlated the information on sales at his service station for those days during which the sign was exhibited and those days during which the sign was not placed at the front of the *31 service station. The data compiled indicates that average sales (in gallons) on days when the sign was not posted are approximately 25% lower than the average sales on those days when the contested price sign was in place.
Since Local Law No. 2 became effective, on a date during the month of August, 1975, defendant Romano has appeared at plaintiff’s place of business on a number of occasions and requested and demanded of the plaintiff and his employees that the sign described above be removed as being in violation of Local Law No. 2. Mr. Romano represented himself as the Sealer of Weights and Measures of the County of Monroe, the officer charged with the duty of enforcing Local Law No. 2. On November 3, 1975 the District Attorney of Monroe County, by Robert Avery, Esq., Assistant District Attorney, wrote plaintiff and advised him that, if the nonconforming sign was not removed within 10 days, enforcement proceedings would be commenced against him. On November 18, plaintiff voluntarily appeared with counsel in Justice Court for the Town of Henrietta and entered a plea of not guilty to the charge of violating Local Law No. 2 of 1975. Section 1(G) provides that on a conviction of violating Local Law No. 2, plaintiff would be subject to a fine not to exceed $25. However, a conviction for a second or further offense would expose plaintiff to a fine of $100 per day. Thus, plaintiff faced the dilemma of entering a defense to the criminal proceeding commenced in Justice Court, Town of Henrietta, and seeking to establish the invalidity of Local Law No. 2 at that level with at least one appeal contemplated, or seeking to establish the invalidity of Local Law No. 2 at the Supreme Court level in the first instance via an action seeking a declaratory judgment. He chose the latter alternative as the most expeditious manner of obtaining a speedy resolution of the dispute, and by this motion seeks to enjoin enforcement at the Justice Court level pending a determination of the declaratory judgment action.
I am disposed to agree with the plaintiff that the Local Law is discriminatory and that its regulatory provisions fail to accomplish its stated legislative purpose. Moreover, plaintiff has documented that he has suffered unique and specific injury to his property rights as a result of the discriminatory regulation. That factual showing is not contested by defendants, who have based their defenses upon legal arguments.
Were it not for the decision of the Court of Appeals in People v Serv. Stas. Arlen (284 NY 340), my decision would be *32 an easy one. However, albeit I disagree with that decision, insofar as it may be deemed applicable to the facts of this case, it is binding upon me.
The Arlen case involved a New York City ordinance enacted in 1939 which mandated price signs of not less than 7 inches by 8 inches and not more than 12 inches square in size for each gasoline pump or dispenser. Price, name, brand, grade or quality and governmental taxes were required on the signs, and no other signs or placards stating gasoline prices were allowed to be posted on the seller’s premises. The defendant’s conviction, in the Magistrates’ Court of the City of New York, of a violation of the ordinance for failing to post the required signs on several of its pumps and for posting several nonconforming signs had been reversed by the Appellate Part of the Court of Special Sessions, Second Judicial Department. The Court of Appeals reversed the order of the appellate court and affirmed the trial court’s judgment of conviction.
There is no question that the Arlen decision was predicated upon a New York City Administrative Code provision which was, in some ways, substantially similar to the provisions of Local Law No. 2. Despite such similarities, this court is not persuaded that the question of the validity of restrictions upon the maximum size of petroleum price signs is such a settled point of law to require the court in this instance to defer to the Arlen result and refrain from making its own decision based upon an examination of the facts and conditions which are present in the instant case.
In the Arlen case, the court was certainly aware of the fact that the Administrative Code provision which was before it contained a provision forbidding the posting of any signs other than signs of a specified size which would be placed upon each pump. However, the court was not obliged to rule squarely upon the constitutionality of restrictions upon the maximum size of gasoline price signs because the facts admitted by the defendant to be true were sufficient to prove violations of several other provisions of that Administrative Code section. Consequently, the defendant’s conviction in Arlen could be affirmed without careful examination of the constitutionality of maximum size restrictions. Due to this circumstance, this court is not faced with the situation in which the court might be strictly compelled by the doctrine of stare decisis, to accept the result in Arlen; rather, the court is faced with the question of what degree of deference should be accorded to those *33 portions of the Arlen decision which imply, but do not expressly decide, that maximum limitations upon the size of price signs are valid.
In Arlen, the court was faced with a piece of novel legislation, and was, therefore, compelled to rely chiefly upon abstract reasoning. Indeed of all of the cases cited in Arlen, only one case, Slome v Chief of Police of Fitchburg (304 Mass 187), dealt with gasoline price sign regulations. However, since the time of the Arlen decision, there has been widespread judicial experience with the subject of gasoline price sign size regulation. In the majority of the cases, the maximum size restriction was found to be invalid because it was not logically or factually connected with the accomplishment of a valid public purpose. Under such circumstances, it does not seem improper for this court to reexamine the question of the validity of price sign size restrictions. The problems inherent in interpreting novel legislation, and the consequent necessity for review of such cases was discussed in the case of Matter of Cameron v Ellis Constr. Co. (252 NY 394, 399): "In defining, by the process of inclusion and exclusion, the scope of novel legislation, the courts must at first be guided by abstract reasoning and anticipation or probable consequences. Experience may at times demonstrate initial error. Then the error should not be perpetuated by strict adherence to earlier precedents.”
The ability of the common law to adapt and change as conditions in society change and make new demands upon the concept of justice has been frequently commented upon, both by commentators and Judges. In New York, as in other jurisdictions, it is not uncommon that "settled” law is reexamined by the courts and discovered to be out of tune with modern life, particularly where the economic and social conditions of our society have changed dramatically since the time of earlier precedents. In such instances, the courts do not hesitate to re-examine the facts and conditions upon which prior decisions are based. (See e.g., Bing v Thunig, 2 NY 2d 656; Woods v Lancet, 303 NY 349.)
When the Court of Appeals affirmed conviction of the defendants in the Arlen case, it appeared to do so without any need to rule upon the question of the constitutionality of restrictions upon the maximum size of gasoline price signs. Consequently, it can be assumed that any indication which is contained in the Arlen decision about the court’s feeling on *34 that particular issue was not strictly speaking required as the basis for its holding. In addition, the Arlen court was faced with novel legislation and did not have the benefit of precedent or previous experience which might shed light upon the issue raised. Obviously, the Arlen decision was made in light of problems which existed in the gasoline industry in the 1940’s, and should be so viewed when cited as precedent herein.
Moreover, in this court’s judgment, the Arlen case has not withstood the challenge of time, nor was its rationale unchallenged in its own time. At least 12 States have seen cases based upon similar statutes, local laws or ordinances go to their highest courts. In 11 of those jurisdictions, Alabama, Connecticut, Delaware, Florida, Lousiana, Maine, Michigan, Nevada, New Jersey, Pennsylvania and Rhode Island, the regulatory scheme has been found to be constitutionally unsound. (Alabama Ind. Serv. Sta. Assn. v McDowell, 242 Ala 424; State v Miller, 126 Conn 373; State v Hobson, 46 Del 381; Town of Miami Springs v Scoville, 81 So 2d 188, 191; City of Lafayette v Justus, 245 La 867; State v Union Oil Co. of Maine, 151 Me 438; Levy v City of Pontiac, 331 Mich 100; State v Redman Petroleum Corp., 77 Nev 163; Regal Oil Co. v State, 123 N J L 456; Gambone v Commonwealth, 375 Pa 547; State v Guyette, 81 R.I. 281). Only Massachusetts, in a case which is the contemporary of Arlen, has reached the Arlen result. (Slome v Chief of Police of Fitchburg, 304 Mass 187, supra; see, also, Merit Oil Co. v Director of Division of Necessaries of Life, 319 Mass 301.)
In this State, courts have struggled to avoid its thrust, even to the point of distinguishing it upon patently unsound grounds. (People v Braun, 69 Misc 2d 682, app dism 75 Misc 2d 751 [App Term, Second Dept]; People v Choops, 83 Misc 2d 580.) Although I must disagree with the manner in which those courts distinguish Arlen, I sympathize with their problem and agree with their result.
I do not believe that the decision in Arlen determines the result in this case. That decision must be judged in its temporal context. "[D]ue process demands that a law be not unreasonable or arbitrary and that it be reasonably related and applied to some actual and manifest evil (Matter of Jacobs, 98 N.Y. 98, 110; Fisher Co. v. Woods, 187 N.Y. 90; Nebbia v. New York, 291 U.S. 502). And even though a police power enactment may have been or may have seemed to be valid when *35 made, later events or later-discovered facts may show it to be arbitrary and confiscatory (Abie State Bank v. Bryan, 282 U.S. 765, 772)”. (Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 541.)
Precedent inextricably tied to a peculiar factual context must not be allowed to control when different background facts prevail notwithstanding the limited facts of the cases may appear identical. Therefore, even if Arlen were not otherwise distinguishable, I cannot view it as controlling because (1) it was decided while a void in the field of petroleum products sales regulation existed, which is not now the case; (2) in 1940 no proven models for appropriate sign regulation had been devised as they now have been; (3) deceptive advertising could not be effectively controlled, and it now can be; (4) a pattern of fraudulent and deceptive practice was acknowledged to exist — an evil to be remedied — which is not now present.
"In defining, by the process of inclusion and exclusion, the scope of novel legislation, the courts must at first be guided by abstract reasoning and anticipation of probable consequences. Experience may at times demonstrate initial error. Then the error should not be perpetuated by strict adherence to earlier precedents.” (Cameron v Ellis Constr. Co., 252 NY 394, 399, supra.)
It is not necessary for me to reach a result in conflict with that in Arlen, but faced with that question, I might well have done so if by doing so I created the only viable route to permit review of the Arlen decision. Arlen was concerned with an entire regulatory scheme, and, were I similarly engaged, I might reach the same result without precedential guidance and control. (See State v Union Oil Co. of Maine, 151 Me 438, supra.)
The fact that a complex statute is as an entity valid, does not forever preclude successful challenge to specific and separable provisions of the statute.
Finally, as to the merits of this controversy, I invite attention to the analyses of the problem contained in State v Hobson (46 Del 381, supra), Levy v City of Pontiac, (331 Mich 100, supra), and State v Redman Petroleum Corp. (77 Nev 163, supra). Whether or not this writer could have said it as well, the necessity to do so no longer exists.
Accordingly, it is this court’s judgment that Local Law No. 2 to the extent it purports to restrict and regulate the number *36 and maximum size of all gasoline signs other than the signs required to be affixed to the pumps is unconstitutional. In light of this holding it is further this court’s judgment that the procedural questions raised by the District Attorney regarding the propriety of the plaintiffs choice of remedy are moot and accordingly need not be determined.