THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ARLEN SERVICE STATIONS, INC., Respondent.

Argued December 4, 1940; decided December 31, 1940.

*William C. Chanler, Corporation Counsel (Stanley Buchs-baum* of counsel), for appellant.

*Charles J. Bensky* for respondent.

*Sol. A. Herzog* for Garage and Gasoline Station Operators Council of Greater New York, *amicus curiæ.*

LEWIS, J. The single question presented by this appeal is the constitutionality of Local Law No. 141 adopted by the Council of the City of New York August 10, 1939, which added to the Administrative Code (Laws of 1937, ch. 929) the following provision:

" Article 7. Retail Sales of Petroleum Products.

" § B36–101.0. It shall be unlawful for any person, firm or corporation to sell or offer for sale at retail for use in internal combustion engines in motor vehicles any gasoline unless such seller shall post and keep continuously posted on the individual pump or other dispensing device from which such gasoline is sold or offered for sale a sign or placard not less than seven inches in height and eight inches in width nor larger than twelve inches in height and twelve inches in width and stating clearly and legibly in numbers of uniform size the selling price or prices per gallon of such gasoline so sold or offered for sale from such pump or other dispensing device together with the name, trade name, brand, mark or symbol, and grade or quality classification, if any, of such gasoline.

" a. The amount of governmental tax to be collected in connection with the sale of such gasoline shall be stated

on such sign or placard and separately and apart from such selling price or prices.

" b. No sign or placard stating the price or prices of gasoline other than such signs or placards as hereinabove provided shall be posted or maintained on the premises on which said gasoline is sold or offered for sale.   *   *   * "

The defendant corporation, which operates a service station at 594 Jamaica avenue in the borough of Brooklyn, concedes that it violated section B36–101.0 of the Administrative Code on November 2, 1939, when it failed to post on each of four pumps from which it sold gasoline a sign stating the retail price per gallon of gasoline sold therefrom; and by posting on two other pumps maintained on the premises, three signs of dimensions sixty inches in height and from thirty to thirty-six inches in width on which were letters twenty-four to twenty-five inches in height.

The judgment of conviction against the defendant in the Magistrates' Court of the City of New York was reversed on the law by the Appellate Part of the Court of Special Sessions in the second judicial department and the complaint against the defendant was dismissed. The record is now before us for review upon appeal by the complainant by leave granted by a member of this court.

Section B36–101.0 of the Administrative Code, quoted above, bears upon its face clear indication that it was designed to prevent fraud in the retail sale of gasoline. In our present inquiry, however, we may not give weight to the fact that fraud was neither charged nor proved against the defendant. A business, however honest in itself, may be the subject of governmental regulation if it may become a medium of fraud. " It is not enough to say that the business may be honestly conducted." (*People* v. *Beakes Dairy Co.*, 222 N. Y. 416, 427.) Nor may we extend the field of our judicial inquiry into the realm of expediency where legislative judgment alone dictates the necessity for statutory regulation and its wisdom.

The defendant asserts that the law here in question is an improper exercise of police power and violates the due

process clauses of the Federal Constitution (Fourteenth Amendment) and the Constitution of New York (Art. I, § 6). But we know that " A reasonable regulation governing the use of property offered for sale so as to prevent fraud, does not destroy that property nor deprive the owner of its use in a constitutional sense." (*People* v. *Luhrs,* 195 N. Y. 377, 383.) We also have in mind the rule that " A legitimate public purpose may always be served without regard to the constitutional limitations of due process and equal protection." (*People* v. *Perretta,* 253 N. Y. 305, 309; *People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y 429; *New York ex rel. Bryant* v. *Zimmerman,* 278 U. S. 63.)

Accordingly we are concerned only as to whether section B36–101.0 of the Administrative Code is a legislative measure reasonably adapted to accomplish its purpose.

From the arguments of counsel we understand that, as in a case before this court more than fifty years ago, which involved the adulteration of food products, so today when we consider a local regulatory measure which governs the retail sale of gasoline, " Ingenuity keeps pace with greed, and the careless and heedless consumers are exposed to increasing perils." (*People* v. *Kibler,* 106 N. Y. 321, 324.) Those perils, including the exceptional facilities which the retail sale of gasoline affords for imposition upon the public, are not, however, a matter for our consideration. We may assume they were the subject of investigation and study by the City Council during its consideration of the necessity for and wisdom of the local law in question. Our inquiry goes only to the reasonableness of the resulting enactment.

It cannot be said of this local legislation that it impairs the defendant's freedom to determine the price at which it will sell the gasoline which it offers to the public, nor does it prohibit the defendant from advertising that price. True, there are restrictions as to the location and size of the sign which the City Council has determined must be posted upon each pump as a means of imparting to customers information upon factors which enter into each retail sale of motor fuel — the sale price per gallon of the gasoline to be delivered at

each pump; the amount of governmental tax to be collected in connection with the sale; the trade name, if any, by which the gasoline is marketed and the grade or quality by which it is classified. Likewise a restriction is made effective by the prohibition against the posting upon the premises of any other sign which states the price or prices of gasoline sold.

Restriction is implicit in police power however exercised. The problem is to ascertain whether the restriction, as an incident to the accomplishment of the legislative purpose, is reasonable in degree. We have said that " Any trade, calling or occupation may be reasonably regulated if ' the general nature of the business is such that unless regulated many persons may be exposed to misfortunes against which the Legislature can properly protect them.' " (*Biddles, Inc.*, v. *Enright*, 239 N. Y. 354, 363.) In the present instance we do not regard the restriction as to the placement, size or limitation of signs, or the requirement of a uniformity in size of the retail sale price figures thereupon, as being more drastic than is reasonable to accomplish the end for which the law was adopted.

It follows that the enforcement of the local law does not deprive the defendant of its property without due process. (Cf. *Slome* v. *Godley*, 304 Mass. 187.)

Nor can we say upon the present record that the defendant has been deprived of the equal protection of the laws. There is no proof of discrimination or of arbitrary action. The local law affects alike all in a given class — the retail dealers in motor fuel — and calls for the uniform enforcement of the act itself. (*People* v. *Beakes Dairy Co.*, *supra*, p. 429; *People* v. *Klinck Packing Co.*, 214 N. Y. 121, 137.)

The order of the Court of Special Sessions, Appellate Part, should be reversed and the judgment of conviction affirmed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and CONWAY, JJ., concur.

Judgment accordingly.