The People of the State of New York, Respondent, *v.* Walter F. Faxlanger, Appellant.

Fourth Department, December 29, 1955.

*Nathaniel A. Barrell* for appellant.

*John F. Dwyer, District Attorney* (*Leonard Finkelstein* of counsel), for respondent.

*Jacob K. Javits, Attorney-General* (*Robert W. Bush* and *James O. Moore, Jr.,* of counsel), intervenor-respondent, in his statutory capacity under section 71 of the Executive Law.

WHEELER, J. Defendant-appellant has been convicted under an indictment charging him with violating section 283-a of the Tax Law (L. 1932, ch. 330, § 2, as amd.) by unlawfully operating a gasoline filling station without procuring a license from the Department of Taxation and Finance.

The facts upon which the conviction is based are not in dispute. The defendant is the owner of a retail gasoline station, which he has operated for about twenty years without a license as required by section 283-a of the Tax Law. There has been no refusal to grant him a license, nor has he ever applied for one.

The sole question before us on this appeal relates to the constitutionality of the subject statute, which is challenged by the defendant upon the ground that it violates the due process clauses of the Federal Constitution (14th Amendt., § 1) and the Constitution of New York (art. I, § 6).

The statute in question (§ 283-a) provides, in substance, that no filling station shall be operated without first procuring a license from the Department of Taxation and Finance; that such a license " shall be issued " upon application made upon forms prescribed by the Tax Commission, and on payment of $2 for each annual license.

Defendant's position is based upon the fundamental premise that he is entitled to pursue his lawful occupation without governmental interference, in accordance with constitutional guarantees. The infirmity of his position stems from his refusal to recognize well-established constitutional principles, that his rights are not absolute, but are always subject to the proper exercise of the State's police power for the public good. But defendant insists that the operation of a gasoline filling station is not affected with or related to a public interest, and, therefore, this particular statute provides for an improper exercise of the police power.

We find it difficult to agree with this contention. The phrase " affected with a public interest " has been construed to mean " no more than that an industry, for adequate reason, is subject to control for the public good." (*Nebbia* v. *New York,* 291 U. S. 502, 536.) Restriction of some degree of the activities of the

individual is always implicit in police power, however exercised. (*People* v. *Arlen Service Stations,* 284 N. Y. 340, 345.) The question in all '' due process '' cases is the balance between the exercise of police power and the interference with the constitutional rights of the individual. It is upon this principle that the courts have enunciated the rule that the exercise of the police power may not be unreasonable or arbitrary, and must bear a substantial relation to the public health, safety, morals or general welfare. (*People ex rel. Armstrong* v. *Warden of City Prison,* 183 N. Y. 223, 226; *People* v. *Luhrs,* 195 N. Y. 377; *People* v. *Arlen Service Stations, supra; People* v. *Perretta,* 253 N. Y. 305; *Mid-States Frgt. Lines* v. *Bates,* 200 Misc. 885, affd. 279 App. Div. 451, affd. 304 N. Y. 700, motion for reargument denied, 304 N. Y. 788, certiorari denied, 345 U. S. 908; *W. H. H. Chamberlin, Inc.,* v. *Andrews,* 271 N. Y. 1, affd. 299 U. S. 515; *Biddles, Inc.,* v. *Enright,* 239 N. Y. 354, 363.)

In the *Biddles* case it was stated: '' ' * * * Any trade, calling or occupation may be reasonably regulated if '' the general nature of the business is such that unless regulated many persons may be exposed to misfortunes against which the Legislature can properly protect them.'' ' ''

In the instant case we are concerned with two powers of sovereignty, viz., the police power and the State's authority in the exercise of its revenue powers. A gasoline service station necessarily involves the storage and sale to the public of gasoline and oil, which are so highly inflammable and explosive that they increase the danger of fire and are, therefore, related to public safety. It follows that the regulation thereof is well within the settled principles of the police power. (*Green Point Sav. Bank* v. *Zoning Appeals Bd.,* 281 N. Y. 534, 538.)

It is also important that we give consideration to the power of the State, by the enactment of reasonable legislation to implement and aid the taxing arm, in its endeavor to keep the public revenue unimpaired and unjeopardized by recalcitrant taxpayers. Motor fuel taxes were first enacted in this State in 1929 (L. 1929, ch. 364). The Tax Commission reported to the Legislature that the evasion of taxes of certain distributors of gasoline was found to be the greatest problem in the administration of the motor fuel taxes. (N. Y. Legis. Doc., 1932, No. 11, p. 18.) Three years after the enactment of the tax the Commissioner of Taxation recommended to the Legislature and to the Governor the enactment and approval of a bill which later was to become section 283-a of the Tax Law, on the ground that it would tend to prevent bootlegging in motor fuels, and would

be of great value in determining whether or not the distributors have paid the motor fuel taxes collected from consumers. The Governor, in an emergency message to the Legislature, certified the necessity for immediate passage of the bill.

With this legislative background, the accuracy of which is not subject to judicial inquiry (*W. H. H. Chamberlin, Inc.,* v. *Andrews, supra,* p. 14), we think there can be no question concerning the reasonableness or the propriety of the enactment of section 283-a. It must be considered as an integral part of article 12-A of the Tax Law and enacted as a statutory aid to assist in the collection of motor fuel taxes and to prevent fraud in connection therewith. (*People* v. *Arlen Service Stations, supra.*) It, therefore, serves a legitimate public purpose, and it is immaterial whether we consider it as a tax measure or an exercise of the police power. (*W. H. H. Chamberlin, Inc.,* v. *Andrews, supra.*)

We reach the conclusion that the Legislature, in enacting the statute in question, acted on reasonable grounds and in a reasonable manner, and, furthermore, that the statute has a real and substantial relation to the public welfare. It follows that its enforcement does not deprive the defendant, without due process, either of his property or his right to pursue his business.

The judgment of conviction should be affirmed.

All concur. Present — McCurn, P. J., Kimball, Wheeler, Van Duser and Williams, JJ.

Judgment of conviction affirmed.