Fbancis X. Conlon, J.
Plaintiff, a New Jersey corporation engaged in the business of selling theatre tickets, seeks to enjoin the enforcement of a regulation of the New York City department of licenses, which forbids New York City theatres from selling more than 10 tickets to a broker not licensed by said license department. Plaintiff contends that the regulation is invalid and arbitrary, and also that it imposes an undue burden upon interstate commerce and otherwise violates plaintiff’s constitutional rights.
The Legislature of this State has expressly declared (General Business Law, § 167) that the price of theatre tickets “is a matter affected with a public interest and subject to the supervision of the appropriate political subdivisions of the state for the purpose of safeguarding the public against fraud, extortion, exorbitant rates and similar abuses ”. A business affected with a public interest is subject to regulation (Nebbia v. New York, 291 U. S. 502; People v. Arlen Service Station, 284 N. Y. 340, 343; People v. Weller, 237 N. Y. 316, 331). The Legislature has expressly authorized license commissioners to promulgate rules and regulations for the protection of the public (General Business Law, § 169-b). In addition, the local legislative body has declared that the business of owning and operating theatres is one which should be licensed and subject to supervision and *520 control and has empowered the license commissioner to impose conditions, in respect of theatre licensees, ‘ ‘ which, in his judgment, may be essential for the welfare and benefit of the people of and visitors to the city, including provisions and conditions respecting the tickets or other tokens entitling their holders to admission to such places ” (Administrative Code of City of New York, tit. B, art. I, § B32-4.0). Regulations adopted by a licensing authority in the public interest which are not arbitrary or capricious and which are reasonably related to remedying the evil which they are intended to cure will be upheld as valid (Matter of Marburg v. Cole, 286 N. Y. 202, 211; Darweger v. Staats, 267 N. Y. 290, 306; Matter of Stubbe v. Adamson, 220 N. Y. 459, 469; Biddles, Inc. v. Enright, 239 N. Y. 354, 364-365). In the court’s opinion, the regulation forbidding a theatre to sell more than 10 tickets to a person who intends to resell them and who is not licensed by the city authorities is not arbitrary or whimsical. To permit theatres to sell unlimited quantities of theatre tickets for purposes of resale to persons whose conduct is not subject to the supervision and authority of the city’s license department could well result in the undermining of the entire licensing system and its beneficent purposes. The regulation may not, therefore, be held to be unreasonable and capricious. Without a limitation upon sales of theatre tickets to unlicensed brokers, the licensing of brokers would be likely to become futile, at least to a large extent, for theatres could dispose of great quantities of their tickets to unlicensed brokers who could then resell them for extortionate prices without being subject to the supervision and control of our licensing authorities.
The fact that plaintiff is a New Jersey corporation is immaterial. Even if it be assumed that the sale of theatre tickets constitutes interstate commerce within the meaning of the United States Constitution, the regulation is not invalid as imposing an undue burden upon such commerce. In Sherlock v. Alling (93 U. S. 99, 103, 104) the Supreme Court said: “ In conferring upon Congress the regulation of commerce, it was never intended to cut the States off from legislating on all subjects relating to the health, life and safety of their citizens, though the legislation might indirectly affect the commerce of the country. * * * [I] t may be said, generally, that the legislation of a State, not directed against commerce or any of its regulations, but relating to the rights, duties, and liabilities of citizens, and only indirectly and remotely affecting the operations of commerce, is of obligatory force upon citizens within its territorial jurisdiction, whether on land or water, or engaged *521 in commerce, foreign or inter-State, or in any other pursuit ’ The regulation under attack was not directed, as such against the sale of tickets to persons in other States but to the sale of tickets generally to unlicensed brokers, including brokers in the State of New York. It is, therefore, binding upon the New York theatres even if it indirectly should affect the sale of some tickets to persons in sister States. In Savage v. Jones (225 U. S. 501, 525) the court said: “ But when the local police regulation has real relation to the suitable protection of the people of the State, and is reasonable in its requirements, it is not invalid because it may incidentally affect interstate commerce ”. In Hooper v. California (155 U. S. 648, 656) the Supreme Court said that a State “ has also the further right io prohibit a citizen from contracting within her jurisdiction with any foreign company which has not acquired the privilege of engaging in business therein ”.
The contention of plaintiff that the regulation under attack denies it the equal protection of the laws and deprives it of its property without due process of law is without merit and requires no discussion.
Motion denied.