Feaxk I. Kronehbebg, J.
Defendant was convicted in the Niagara Falls City Court before Acting Judge Noxrzio Rizzo on September 13, 1961 of violating section 8 of chapter 53 of the City Ordinances which prohibit advertising the price of petroleum products by signs measuring more than 6% inches by 9% inches.
The defendant had at its gasoline station signs larger than the permitted size. These signs read “ 250 ” in large figures, and above and below that price in relatively small letters appeared the word “soap”. Evidently gasoline was being vended at the time by defendant for 250 per gallon.
The decision of the Court of Appeals in People v. Arlen Service Stations (284 N. Y. 340) forcloses any discussion as to the place of price competition in our capitalist economy.
In the Arlen case the Court of Appeals held constitutional an ordinance similar to this.
Defendant appears not to quarrel with the Arlen decision, but contends that its sign refers to the price of soap, which is not a petroleum product.
Such palpable evasion of the ordinance cannot succeed.
In People v. 25 Stations (3 N Y 2d 488) the New York City Administrative Code prohibited signs larger than 12 inches by 12 inches referring directly or indirectly to the price of gasoline. The defendant corporation maintained a sign measuring 5 feet in length and 3% feet in width reading “ Owned & Operated by 25 Stations Inc.” The numerals “25” were painted in red and were 3 feet high, while ‘ ‘ Owned & Operated ’ ’ were only 6 inches in height, as was the word “ Stations ”. The abbreviation “Inc.” was even smaller. The court ruled as follows (p. 491): “ Suffice it to say that from the photographic exhibits alone and the clear picture they give of the size, location and effect of this placard or sign, there was ample evidence upon which the Magistrate could find, as he did, that the sign indirectly referred to the price of gasoline and constituted a violation of the Administrative Code.” (See, also, the more recent case of People v. Save Way Northern Blvd., 10 N Y 2d 727; 10 N Y 2d 748.)
The ordinance considered in the 25 Stations case prohibited direct or indirect reference to prices, while the words “ direct or indirect ” do not appear in the ordinance of Niagara Falls. But this seems a distinction without a difference. Any law proscribing an act, by necessary implication, forbids doing that *376 act directly; and, when an act is prohibited, one may not do that act by indirect means. Defendant’s conduct resembles the first part of the familiar internal revenue dichotomy — evasion and avoidance. As succinctly put by Justice Holmes in Bullen v. Wisconsin (240 U. S. 625, 630-631): “When an act is condemned as an evasion what is meant is that it is on the wrong side of the line indicated by the policy if not by the mere letter of the law.” The judgment of conviction is affirmed.