Carl R. Scacchetti, Jr., J.
Present before the court for its consideration are questions pertaining to the legality of a city ordinance regarding the posting of price signs on gasoline pumps in the City of Rochester, New York.
The specific ordinance before the court is referred to as section 53-138.8 (B). It recites in its main body (§ 53-138.8 [B]-1) as follows: "1. It shall be unlawful for any person, firm or corporation to sell or offer for sale at retail gasoline, kerosene or diesel fuel unless such seller shall post, and keep continuously and conspicuously posted on each such pump or other dispensing device a sign whose maximum and minimum dimensions, except for signs on 'blend’ pumps as defined below, shall be twelve inches square. The sign shall show, clearly and legibly, the total selling price, and shall contain a price breakdown box”.
The remaining portions of the section relate to specific sizes of lettering and numbers and various other salient requirements. However, for the purpose of discussion as regards the ordinance as a whole, only the actual requirement of posting signs on the gasoline pumps will be considered. All else *410 contained in this section shall be engulfed in the decision of the court.
The facts attached to the present case are quite simple. On January 28, 1975, the City Council of Rochester, New York, enacted the ordinance in question and its effective date was 60 days subsequent to adoption. The overall intendment of the ordinance was for the purpose of prohibiting fraudulent practices in the sale of retail gasoline. It is interesting to note that concurrent with the proposed ordinance was a similar resolution passed by the Monroe County, New York, Legislature to make uniform throughout Monroe County such a sign ordinance. So much attuned to that legislative body was the city council that an amendment to the originally proposed ordinance was passed upon so as to comply fully with the county law.
Further, the uniformity is highlighted in that the enforcement of the code is through the county financed and manned by the Monroe County Sealer of Weights and Measures or the Clerk of the Criminal Court of Rochester, New York. This brief statement of the law is sufficient for the purposes of this opinion. The facts studied stand substantially uncontroverted in the record.
The facts of the case can be related in a relatively simple manner. The defendant Frank A. Passantino owns and operates a retail gasoline station at 1435 North Goodman Street in the City of Rochester, New York. Not only as an operator of a gasoline service station, but also as an officer of the Rochester Gasoline Dealer’s Association (RGDA), the defendant posed an objection to the passage of ordinance section 53-138.8 (B)-l, which became effective April 1, 1975. In his opposition, the defendant expressed that he would test the validity of the ordinance by refusing to comply and insisted at a later point that he be arrested to further force the issue. So vehement was his disdain for the ordinance that he used the local news media to invite an arrest of his person to bring the matter before the court. His efforts were not in vain.
Subsequent to his arrest and arraignment, motions were made and heard regarding the legality of the ordinance. At the time of oral argument various legal points were raised and countered by both sides. The issues have narrowed themselves down and are as follows: I. The ordinance is unconstitutional and void in that it violates section 6 of article I of the Constitution of the State of New York and the Fourteenth *411 Amendment of the Constitution of the United States, in that it violates due process and equal protection under the law, and that it is discriminatory and limited solely to one class of individuals. II. That the ordinance is not a proper exercise of police power of the State of New York as delegated to the City of Rochester.
The Monroe County, New York, legal adviser was allowed to file a brief amicus curiae since that municipality has a similarly worded statute in effect and interest in the outcome of the case has been shown.
I. THAT THE ORDINANCE IS UNCONSTITUTIONAL AND VOID IN THAT IT VIOLATES SECTION 6 OF ARTICLE I OF THE CONSTITUTION OF THE STATE OF NEW YORK AND THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, IN THAT IT VIOLATES DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW, AND THAT IT IS DISCRIMINATORY AND LIMITED SOLELY TO ONE CLASS OF INDIVIDUALS
Argument of counsel for the defendant that the ordinance under attack in the first instance is discriminatory must be regarded as having some merit. This merit is well-founded when coupled with the fact that there is no refutation by either counsel for the prosecution or the amicus curiae, Monroe County, New York, legal adviser.
Nowhere has there been shown a similar type of legislation demanding a seller of goods to so conspicuously post a selling price as in the case of the gasoline dealer.
The general intent of the ordinance has been stated to be for the purpose of prohibiting fraudulent practices of the sale of retail gasoline. More will be discussed regarding this intendment at a later point. However, it is interesting to note for the purpose of discussion only that not one item of fraudulent practice has been demonstrated by a retail gasoline dealer in this area which precipitated the passage of the law.
One can only assume therefore that the underlying, intent or meaning of the legislation was for some purpose not specifically spelled out, such as allowing motorists while in travel to inspect prices from the roadways and not having to pull into a service station to inspect the price of gasoline which is clearly visible at a much shorter distance on the side of the gasoline pump. The only reason for suggesting this latter possibility for *412 inception and passage of the ordinance is because it was inured to in the prosecution brief submitted to the court at page 3, wherein it states: "The benefits of such signs to the gasoline buying public, however, are manifold. They provide for uniform, clearly visible advertising of price which allows motorists to safely ascertain and compare the per gallon cost of gasoline at various service stations without leaving public thoroughfares or congesting retail service areas.”
The rational behind the passage of a law can have some controlling factor as to whether that law is constitutional and a proper item of policing authority for a State of the Union or its political subdivisions. Disregarding the convenience to motorists, which is an admirable end in and of itself, the court must consider the remarks of the administrative officer of the City of Rocnester, in that the enactment was for the purpose of curtailing fraudulent practices of the retail gasoline dealers.
It has long been an established rule that a sovereign State or the municipalities within it may pass such laws necessary to protect the public health, safety, welfare and interest of its citizens. As was stated in the case of Good Humor Corp. v City of New York (290 NY 312, 317): "Local laws are valid which have a substantial relation to matters within the field where legislative power is vested in the local legislative body of the city by the Constitution and statutes of New York. They must be reasonably calculated to achieve a legitimate purpose.”
The legitimate purpose of the ordinance here is to safeguard against fraudulent practices which may by foisted upon an unsuspecting public. Other cases cited for this proposition are: People v Perretta (253 NY 305, 309); People ex rel. Durham Realty Corp. v La Fetra (230 NY 429); New York ex rel. Bryant v Zimmerman (278 US 63).
There is no contention whatsoever on the part of any of the litigants that fraudulent acts have been committed by the defendant or any others similarly situated. As a point of fact, and to the best recollection of this court, there never has been a violation of this section or its predecessor which authorized a range of size in its previous wording (see former Rochester Municipal Code, § 53-138.8, as amd Jan. 23, 1968, ordinance 68-19; Sept. 10, 1968, ordinance 68-283; Sept. 12, 1973, ordinance 72-438). The ordinance therefore can only be considered preventative against the possibility. At best it is speculative in inception and existence, but is still regarded as a proper police *413 power. A court may not attempt to second guess nor supplant its personal feelings where a legislative body has acted, no matter how illogical or unrelated that law may be to reality. Reference for this latter proposition is made to the case of Serve Yourself Gasoline Stas. Assn. v Brock (39 Cal 2d 813, 820), where the court states: "the Legislature, in the first instance, is the judge of what is necessary for the public welfare, and, in the absence of a showing of arbitrary interference with property rights or a lack of a substantial relation between means and a legitimate subject for regulation, we can not declare this legislation invalid.” Further, this position of relation of courts to legislative bodies is referred to in the following cases: State of Delaware v Hobson (46 Del 381); State of Iowa v Wortha (227 Iowa 1); State of Iowa v Hardy (227 Iowa 12); Slome v Chief of Police of Fitchburg (304 Mass 187).
Does, however, the requirement of posting a sign over each and every pump become an arbitrary interference with the property rights of the defendant and therefore under the ordinance violative of the Constitution of the United States and State of New York, as proposed by defense counsel? This court, after examining all the cases of a similar nature and the facts surrounding this matter, must answer in the negative.
The legal subject of requiring gasoline stations to post signs as stated in the city ordinance has been the subject matter of much litigation throughout the entire United States of America. Strangely enough, there is no clear-cut leaning of the cases one way or another so as to give rise to a "greater weight of authority.” The State of New York, however, has adopted a position of legality to similar type ordinances and has so stated in the case of People v Arlen Serv. Stas. (284 NY 340). The People v Arlen case has continued as authority in this State since first rendered. The court recites at page 345 (in upholding the sign size and posting ordinance):
"we do not regard the restriction as to the placement, size or limitation of signs, or the requirement of a uniformity in size of the retail sale price figures thereupon, as being more drastic than is reasonable to accomplish the end for which the law was adopted.
"It follows that the enforcement of the local law does not deprive the defendant of its property without due process, (cf. Slome v Godley, 304 Mass 187).”
*414 The court relates in the body of its decision all the restrictions which the law imposes and implies sotto voce a compassion as to the hardships caused by these signs. Be that as it may, the court weighed the greater good to the public and upheld the constitutionality of the signs.
Since the decision in People v Arlen (supra), other cases of a similar nature have been decided in this State. All have adopted the ruling of the Arlen case.
The defendant in the instant case is not deprived of equal protection of the laws, because the ordinance affects all in a given class, the retail dealers of gasoline, and calls for uniform enforcement of the act itself. (Cf. People v Beakes Dairy Co., 222 NY 416; People v Klinck Packing Co., 214 NY 121.) Also, as was recited in the case of People v Luhrs (195 NY 377, 383): "A reasonable regulation governing the use of property offered for sale so as to prevent fraud, does not destroy that property nor deprive the owner of its uses in a constitutional sense.”
Since the ordinance in question is promulgated for the purpose of preventing fraudulent practices, the hardship inflicted on the defendant and others similarly situated must give way to the public benefit to be derived therefrom. To sustain the burden of proving the ordinance unconstitutional the defendant must prove that the law is unduly oppressive and bears no relation to the public in general. (Cf. Matter of Avon Western Corp. v Woolley, 266 App Div 529.)
This burden has not been met nor has the defendant sustained the further proof necessary. In order to declare a law unconstitutional the defendant must prove same beyond a reasonable doubt (cf. People v Gilbert, 72 Misc 2d 795; Matter of Van Berkel v Power, 16 NY2d 37; People v Pagnotta, 25 NY2d 333; Bohling v Corsi, 204 Misc 778, affd 306 NY 815).
On the first argument presented that the ordinance is unconstitutional in that it deprives the defendant of due process or equal protection by being discriminatory and limited to only one class of individuals, the court states in the negative. The ordinance is constitutional not only because there is no denial of due process or discrimination, but further that there has not been argument presented to this court which sustains the burden of proving unconstitutionality beyond a reasonable doubt.
*415 THAT THE ORDINANCE IS NOT A PROPER POLICE POWER OF THE CITY OF ROCHESTER AND IS NOT CONSISTENT WITH REGULATORY LEGISLATION
As has been stated at a previous point, the policing power of a municipality is valid and constitutional when it is adopted for the purpose of preserving public health, morals, safety or welfare. The benefit derived from this ordinance is for the purpose of preventing fraud by the defendant or other retail gas dealers.
In the first instance, the local legislators must be the judges of what is needed to maintain the general welfare of its citizens (cf. Serve Yourself Gas, 39 Cal 2d 813, supra).
Similarly, other cases have been decided for the generally accepted proposition that the public benefit must not be upset arbitrarily. Many of these cases dealt with the erection and placement of signs. In the case of People v Goodman (31 NY2d 262, 265) the court stated: "the State and its political subdivisions may regulate the erection and maintenance of outdoor advertising under the police power.” Other cases stating that signs may be a proper subject of police power are: Railway Express v New York (336 US 106); New York State Thruway Auth. v Ashly Motor Ct. (10 NY2d 151); People v National White Plains Corp. (299 NY 694); People v Arlen Serv. Stas. (284 NY 340, supra).
Another leading case in New York dealing with signs being a proper subject of the police power of a political subdivision of the State is Board of Educ. of Cent. School Dist. No. 1 v Miles (15 NY2d 364, 369), wherein the court relates: "Statutes may be enacted under the police power to prevent fraud or oppression in business or commercial transactions (People v Arlen Serv. Stas., 284 NY 340), and, if within the scope of the police power, legislation is not invalid even though there be retrospective modification of private contractual obligations (Twentieth Century Assoc. v Waldman, 294 NY 571, 580). Upon the other hand, such legislation is unconstitutional and void if it is not related to the public safety, health, welfare or morals so as to come within the police power (Weiler v Dry Dock Sav. Inst., 258 App Div 581, 584, affd 284 NY 630.)”
It necessarily follows, that absent a showing of arbitrary action by the city council or that the ordinance bears no relation to public welfare, then the law must stand as not only constitutional, but a proper subject of the inherent police powers of this municipality.
*416 CONCLUSION
This court must dictate that the ordinance now before it is not only constitutional, but that it also is a proper subject matter of the police powers of the City of Rochester, New York.
One must bear in mind that each case which comes before the courts must be decided on its merits and facts. Cases which are cited as precedent indeed must be judged as controlling if in fact the issues are the same and by jurisdiction they are binding. However, it must be pointed out that the leading case of People v Arlen Serv. Stas. (284 NY 340, supra), is somewhat distinguished from the case at bar when considering not only its facts, but the dates involved therein. In 1939, the Federal Government had not required gasoline retail stations to post on the side of its pumps the price of gasoline per gallon. Subsequent to that date, such a requirement was passed and since then each gasoline pump bears said price. The posting of prices in a conspicuous place was for the purpose of eliminating many fraudulent sales and sign devices prevalent in the metropolitan area of New York City. The passage of the ordinance (very similar in wording to the one now before this court) was intended to curb fraudulent practices. One need only travel the streets of New York City to see if this end was ever actually achieved. Be that as it may, the initial thrust was fraud prevention. The dicta in the Arlen case indicates that uniformity of signs would prevent false advertising by use of other signs (larger or smaller in print or placard or information contained thereon). Such is not the case in the overall intendment of the City of Rochester Ordinance. In that way the present case must be distinguished from Arlen. But as is many times the case, a decision stated for one proposition is ofttimes good law for another.
The wording of Arlen therefore passes the test of time and continues to be in keeping with today’s facts and circumstances confronting the ordinance before this court.
One can only sympathize with the defendant and others similarly situated since they are in fact being singled out. There is no doubt in that some hardships befall him in complying with the law. However, all others of the class of retail gasoline dealers are similarly situated and for this reason, among others, there is no discriminatory legislation or enforcement (cf. People v Beakes Dairy Co., 222 NY 416; People v Klinck Packing Co., 214 NY 121).