■ In the Matter of JEROME L. JEFFERS, Appellant, v JOHN B. DUFFY, as Director, Rochester Parking Violations Bureau, et al., Respondents.— Judgment unanimously affirmed, without costs. Memorandum: Petitioner was issued a parking ticket in the City of Rochester after parking his motor vehicle 27 feet from a sign bearing the legend "NO STANDING", with a double-headed arrow thereunder pointing in both directions. Upon a hearing before an examiner of the parking violations bureau he was found guilty of a parking violation, which finding was affirmed by the board of appeals of that bureau. He appeals from a dismissal of his petition in an article 78 proceeding in which he sought to reverse that determination. He contends that the State of New York failed to publish those sections of Part 214 entitled "Parking Series", of the Manual of Uniform Traffic Control Devices (17 NYCRR 214.1 to 214.7) in such manner as to make the general public aware of their existence. He also urges that section 214.7 thereof, authorizing use of a "NO STANDING" sign with a double-headed arrow thereunder pointing in both directions, is so vague and indefinite that its enforcement is in contravention of constitutionally guaranteed due process. He further contends that the "NO STANDING" sign posted at the time of his alleged violation failed to give reasonable notice to him of that which was prohibited and, therefore, was also violative of due process. His contentions are without merit. Such parking regulations are published in the "official compilation of codes, rules and regulations" established pursuant to law

(Executive Law, § 102, subd 4). They may be read into evidence in any legal proceeding (Executive Law, § 106). They are in the public domain (1973 Opns Atty Gen 38), and have the force and effect of law when reasonable and not in conflict with other law *(Park Place-Dodge Corp. v Collins,* 75 Misc 2d 25, affd 43 AD2d 910). Furthermore, as a protection against the entrapment of an unknowing public, the Legislature has mandated that before any such parking regulation is enforceable its existence must be reflected by the posting of signs or markings (Vehicle and Traffic Law, § 1683, subd [a], par 8). The regulations which give rise to the posting of "NO STANDING" or "NO PARKING" signs and which result, as here, in the issuance of violation tickets, are clear, definitive, incapable of ambiguity and entitled to the presumption of constitutionality. "Strong presumptions of constitutionality attach to any action of the Legislature" *(Matter of Rosenthal v Hartnett,* 36 NY2d 269, 273; see, also, *People v Pagnotta,* 25 NY2d 333). It is well settled that, when a statute is challenged for vagueness, a court should seek an interpretation which supports the constitutionality of the legislation *(United States v Stewart,* 531 F2d 326). Due process requirements will not proscribe legislation which deprives an individual of property when the enactment is founded upon the protection of the public safety, health, morals or general welfare and when the means adopted to secure those ends are reasonable *(People v Faxlanger,* 1 AD2d 92, affd 1 NY2d 393). The automobile is a prime mode of transportation for a great mass of our citizenry. It is essential that the flow of traffic and the placing and parking of motor vehicles be controlled in the public interest. To that end the State Department of Transportation was mandated to "adopt a manual and specifications for a uniform system of traffic-control devices * * * for use upon highways within this state" (Vehicle and Traffic Law, § 1680, subd [a]). Pursuant to that directive regulations have been adopted which establish the size, content, purpose and use of signs which shall be posted to control the parking of motor vehicles (17 NYCRR 214.1 to 214.8). Local authorities are prohibited from installing traffic control devices that do not conform to the standards thus established (Vehicle and Traffic Law, § 1680, subd [c]). The clear purpose and intent of such legislation is to provide a uniform system of traffic control and sign posting throughout the State. It represents a "reasonable legislative response to a critical problem" *(People v Pagnotta, supra,* p 339). Petitioner's final contention that a reasonable person could not understand the meaning of a "NO STANDING" sign with an arrow pointing in both directions is repugnant to common sense. It is both reasonable and logical that a person looking at such a sign would immediately look for the extremities of the restricted area. Petitioner does not contend that the extremities were not posted in accordance with Department of Transportation regulations (17 NYCRR 214.4 [a], [b], [c]). In view of petitioner's allegation that he observed the "NO STANDING" sign, parked and left his motor vehicle 27 feet from that sign, and in light of his failure to allege the absence of signs posting the extremities of the "NO STANDING" zone, there is no triable issue of fact raised in the pleadings and, thus, no need to remand this matter to Special Term for a hearing. (Appeal from judgment of Monroe Supreme Court in article 78 proceeding to annul fine.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.