CHARLES STUBBART, Respondent, v COUNTY OF MONROE et al., Appellants.

Fourth Department, May 27, 1977

*William J. Stevens (John Doyle* of counsel), for County of Monroe and another, appellants.

*Lawrence T. Kurlander, District Attorney (Michael Nelson* of counsel), appellant *pro se.*

*Wegman, Mayberry, Burgess, Feldstein & Speranza (Richard Mayberry* of counsel), for respondent.

MOULE, J. The central issue raised on this appeal concerns the constitutionality of certain sections of a Monroe County local law which attempted to regulate the number. and maximum size of gasoline price advertising signs.

On May 13, 1975 the Monroe County Legislature adopted Local Law No. 2 (eff Aug. 13, 1975) "Regulating the Retail Sale of Gasoline, Kerosene and Diesel Fuel Within the County of Monroe Including Controls Over Fraudulent Practices and Price Signs." The intent of the law as expressed in the legislation itself was "to prohibit certain fraudulent practices with respect to selling or offering for sale gasoline, kerosene or diesel fuel at retail and to prevent and deter any practice which would deceive or tend to deceive the purchaser of such

products as to the price, nature, quality, quantity or identity thereof. This law also regulates the size, shape, color, content and placement of signs advertising the price of such products at retail."

To this end, the law provided that a sign must be placed on each regulated fuel pump clearly specifying, *inter alia,* the price per gallon, the breakdown of Federal, State and sales taxes and the octane rating of the fuel. Such signs were required to be of specified dimensions and the size of mandated lettering was also regulated.

At issue on this appeal is the propriety of sections 1B4 and 1B5 of that law which authorized the optional use of one additional sign, aside from those required to be placed on the pumps themselves. Such sign, if used, could not exceed 18 inches in height and 18 inches in width and had to be placed on the inside window glass area of the service station office.[1] No other similar price advertisements were permitted on the service station premises.

Finally, the law provided that it shall be enforced by the County Sealer of Weights and Measures and that any person found guilty of violating its provisions shall be subject to a fine of $25 for the first offense and $100 per violation per day for the second and any subsequent offenses.

On November 21, 1975 petitioner, the owner and operator of a gasoline service station in the Town of Henrietta, commenced this action by service of an order to show cause and temporary restraining order requiring defendants, the County of Monroe, the Sealer of Weights and Measures and the District Attorney, to show why they should not be temporarily enjoined from enforcing Local Law No. 2 insofar as it "purports to restrict the maximum size of signs used to advertise the price of gasoline and petroleum products." At the same time petitioner served defendants with a summons and complaint by which he sought a judgment (1) declaring the maximum size restrictions of sections 1B4 and 1B5 unconstitutional and (2) permanently enjoining defendants from enforcing those provisions.

In his affidavit in support of the application for a temporary injunction petitioner alleged that prior to the enactment of

---

1. Although sections 1B4 and 1B5 also set forth requirements as to the content of this sign as well as lettering restrictions, the propriety of these provisions is not raised on this appeal.

Local Law No. 2 he maintained certain advertising signs[2] on his premises which were large enough to be easily readable by persons traveling in automobiles on the road in front of the station. However, following full compliance with the new statute and removal of these signs he noticed a substantial decline in sales. After a series of experiments in which he measured sales on those days when he complied with the statute as compared with those days when he used his larger advertising sign, he estimated that his sales loss due to full compliance ranged in excess of 25 percent.

He further asserted that inasmuch as he normally sells gasoline at prices which are lower than his competitors, the maintenance of signs larger than those permitted by the new law was essential to notify the public of his prices and to insure his rights of competition and advertising. He also pointed out that due to his continued use of "illegal" signs, a criminal proceeding had been commenced against him in the Town of Henrietta Justice Court.[3] Petitioner concluded that the contested provisions of the new law were unconstitutional since they, in effect, restricted competition, deprived him of his right to advertise and bore no reasonable relationship to the avowed legislative purpose of deterring fraudulent practices.

Following service of these papers the District Attorney moved to dismiss petitioner's CPLR article 63, proceeding for a preliminary injunction on the grounds that a temporary restraining order may not be issued against a public officer to restrain performance of his statutory duties, that the court lacked subject matter jurisdiction since the merits of petitioner's arguments should be raised in the pending criminal action and that petitioner failed to demonstrate that the statute lacked a reasonable basis. The County of Monroe and the Sealer of Weights and Measures in turn moved to dismiss both the temporary restraining order and the complaint, *inter alia,* on the ground that the statute was a valid exercise of the police power and was not shown to be either arbitrary or unduly oppressive.

Petitioner's motion for an injunction and defendant's cross

---

2. These signs were described by defendants as 3 feet and 6 inches by 3 feet and 7 inches standing "sandwich board" signs which were placed out near or upon the right of way.

3. The record indicates that this proceeding was subsequently dismissed following Special Term's decision as the constitutionality of the statute.

motions were subsequently heard on December 9, 1975. Due to the fact that the papers before the court did not raise a triable issue of fact, Special Term treated petitioner's motion as one for summary judgment. Thereafter, the court handed down its decision (1) declaring "that Monroe County Local Law No. 2 of 1975, §§ 1B4 and 1B5, to the extent it purports to restrict and regulate the number and maximum size of petroleum product price signs other than those signs required to be affixed to gasoline pumps * * * is arbitrary, unreasonable, confiscatory" and void, and (2) permanently enjoining defendants from enforcing said provisions.

Initially, the District Attorney contends that the court should have granted his motion to dismiss petitioner's injunction proceeding on the ground that such relief was not authorized by law (see CPLR 6313, subd [a]). However, regardless of the validity of this argument as well as the argument that petitioner should have sought a writ of prohibition in order to enjoin the pending criminal action in the Town of Henrietta Justice Court, the fact remains that the temporary restraining order has by its very nature expired and has been superseded by the permanent injunction entered in petitioner's declaratory judgment action. Thus, the validity of the grant of this order, together with petitioner's right to seek such relief, is for all intents and purposes rendered moot (see *Board of Educ. v Pisa*, 55 AD2d 128). Since defendants do not contest the propriety of the court's jurisdiction over them in the declaratory judgment action nor the court's authority to issue a permanent injunction based upon its finding of unconstitutionality, this argument must be dismissed.

The sole remaining question on this appeal and the one to which the rest of defendants' contentions are directed concerns the constitutionality of the contested sections of Local Law No. 2.

It is well settled that a municipality by authority of its police power may enact legislation in response to the needs and objectives of the community. However, such legislation must be reasonably related to the community policy sought to be effectuated and, furthermore, may not be either arbitrary or unduly oppressive (*People v Goodman*, 31 NY2d 262). It is also beyond dispute that the operation of a gas station constitutes a business which may be subject to regulation by the State (see *People v Faxlanger*, 1 AD2d 92, affd 1 NY2d 393).

Although community aesthetics has been held to be a valid

subject of legislative concern and one whose regulation represents a valid and permissible exercise of the police power *(People v Stover,* 12 NY2d 462), the constitutionality of the instant provisions cannot be justified by this consideration. Aside from the fact that the expressed legislative intent of the statute does not offer aesthetics as a reason for its enactment, the statute itself by failing to regulate other types of service station advertisements (e.g., tuneups, oil changes, tires, etc.) would be void on the ground of arbitrariness. Its sole justification must, therefore, lie in the deterrence of fraudulent practices.

Assuming *arguendo* that advertising signs such as those used by petitioner conformed to the "content" requirements of Local Law No. 2, it is difficult to see how restrictions upon merely the size and number of such signs would advance the legislative purpose of deterring fraudulent practices. The purchaser of gasoline would be fully informed of the total price per gallon, the octane rating and the breakdown of applicable taxes. The mere fact that such sign may be larger than 18 inches by 18 inches bears no relationship to the deterrence of fraudulent practices. In fact, a similar result has been reached in many other jurisdictions (see *Alabama Independent Serv. Station Assn. v McDowell,* 242 Ala 424; *State v Miller,* 126 Conn 373; *State v Hobson,* 46 Del 381; *Town of Miami Springs v Scoville,* 81 So 2d 188 [Fla]; *City of LaFayette v Justus,* 245 La 867; *State v Union Oil Co. of Maine,* 151 Me 438; *Levy v City of Pontiac,* 331 Mich 100; *State v Redman Petroleum Corp.,* 77 Nev 163; *Regal Oil Co. v State,* 123 NJL 456; *Gambone v Commonwealth,* 375 Pa 547; *State v Guyette,* 81 RI 281).

Defendants, however, place heavy emphasis upon a 1940 decision by the Court of Appeals in *People v Arlen Serv. Stations* (284 NY 340). In that case the court was asked to adjudicate the constitutionality of a section of the Administrative Code of New York City which, like the challenged statute here, provided size and content restrictions upon signs which were required to be posted on individual gasoline pumps.[4] However, contrary to the statute in the instant case, the contested provision in *Arlen* specifically disallowed any other sign to be placed upon the station premises. The defendant in *Arlen* was charged with failing to post the required signs on

---

4. As previously noted, however, petitioner does not contest the size restrictions with respect to the signs on each gasoline pump.

four gasoline pumps and with posting signs larger than those permitted on two other pumps.

In upholding the constitutionality of that provision the Court of Appeals noted (p 345): "In the present instance we do not regard the restriction as to the placement, size or limitation of signs, or the requirement of a uniformity in size of the retail sale price figures thereupon, as being more drastic than is reasonable to accomplish the end for which the law was adopted."

In our opinion, however, this holding is not dispositive of the constitutionality of the instant provisions. Since the defendant in that case was only found guilty of violating the gasoline pump sign provisions, the propriety of restrictions upon additional "advertising" signs was not directly before the court and thus did not have to be reached in order to affirm the conviction. Nor in fact was the propriety of such other restrictions even challenged in that case.

Petitioner in the instant case has demonstrated that he suffered a substantial pecuniary loss due to the challenged legislation. He has further asserted through logical and persuasive reasoning that the contested provisions bear no reasonable or rational relationship to the deterrence of fraudulent practices. Within the framework of this case and defendants' apparent consent to treatment of petitioner's motion as one for summary judgment, such a presentation was sufficient. Accordingly, the judgment should be affirmed.

MARSH, P. J., SIMONS and DILLON, JJ., concur.

Judgment unanimously affirmed, with costs.