OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed, information dismissed and fine remitted.
Defendant, Mobil Oil Corporation, was convicted of violating section 3 of Westchester County Local Law No. 9 of the Local Laws of 1974, which prohibits the posting of any sign or placard stating or referring directly or indirectly to the price or prices of gasoline or diesel motor fuel, other than those signs or placards required to be posted on the pumps, at, near or about the premises in which gasoline or diesel motor fuel is sold. Defendant placed a sign stating "Check Our Low Low Prices” on the premises. It is this court’s opinion as more fully hereinafter set forth, that the afore-mentioned section is unconstitutional since it seeks to regulate commercial speech without effectuating a significant governmental interest.
A review of the record clearly establishes that the signs posted by the defendant did indirectly refer to the sale of gasoline, and therefore violated the statute.
However, the main issue on this appeal is whether or not section 3 of Westchester County Local Law No. 9 of the Local Laws of 1974 is unconstitutional in that it is violative of defendant’s First Amendment right of free speech (US Const, 1st and 14th Arndts).
At the outset, it should be noted that the Court of Appeals in People v Arlen Serv. Stas. (284 NY 340) held a similar statute contained in the New York Administrative Code constitutional. Thereafter, this court in People v Carillo (42 Misc 2d 74) upheld the constitutionality of the successor section of the Administrative Code which reads as follows: "No sign or placard stating or referring directly or indirectly to the price *527 or prices of gasoline other than such signs or placards as hereinabove provided shall be posted or maintained on, at, near or about the premises on which said gasoline is sold or offered for sale.”
In upholding the validity of this statute, this court indicated that the statute was reasonable since it, like the one in Arlen (supra), was enacted not to fix prices or prohibit signs, but "to prevent fraud on the consuming public by confusing and misleading signs.” It should be noted that the section of the local law attacked in the instant appeal is almost indentical to the one in Carillo (supra). It is also important to note that the court therein was not faced with the constitutional issues because it found there to be no violation of the Administrative Code section (People v Carillo, supra, p 86). Moreover, in Arlen (supra), which was decided prior to the recent pronouncement of the United States Supreme Court regarding the application of the First Amendment rights to commercial speech, defendant was only found guilty of violating the provisions of the ordinance which required the posting of signs on gasoline pumps so that the decision in Arlen (supra) is not dispositive of the issues contained herein (see Stubbart v County of Monroe, 58 AD2d 25). Parenthetically, it should be further noted that the City of New York has since amended the Administrative Code so as to remove the absolute prohibition against signs referring to the price of gasoline, other than those at the pump, and now permits the posting of such signs providing certain conditions are met (New York City Administrative Code, § B36-130.0).
The Supreme Court of the United States in Virginia Pharmacy Bd. v Virginia Consumer Council (425 US 748) held unconstitutional a Virginia statute declaring it unprofessional conduct for a licensed pharmacist to advertise the prices of prescription drugs. In so doing, the court held that commercial speech is protected under the First and Fourteenth Amendments. However, the court went on to state that commercial speech may be regulated provided the regulations serve a significant governmental interest, and that in so doing they leave open ample alternative channels for communication of the information. Following the United States Supreme Court’s decision in Virginia Pharmacy (supra) our Court of Appeals in People v Remeny (40 NY2d 527) held unconstitutional a local ordinance prohibiting the distribution of commerical handbills in a public place on the basis that the ordinance was an *528 unreasonable infringement upon commercial speech. More recently, the Court of Appeals in Suffolk Outdoor Adv. Co. v Hulse (43 NY2d 483) indicated that since commercial speech does come within the protection of the First and Fourteenth Amendments, a State can only regulate the time, place and manner of commercial speech, not its content, and only then to effecutate a significant government interest. The Court of Appeals thereafter held constitutionally valid restrictions on advertising upon aesthetic considerations, an issue which is not involved herein inasmuch as the local law in question did not ban all gasoline station signs, but only those pertaining to gasoline prices. In Linmark Assoc. v Willingboro (431 US 85) a local ordinance, which prohibited the posting of real estate "For Sale” and "Sold” signs for the purpose of stemming what the township perceived as the flight of white homeowners from a racially integrated community, was held to violate the First Amendment. The court therein indicated (p 93) that "laws regulating the time, place, or manner of speech stand on a different footing than laws prohibiting speech altogether.” The court went on to state that the ordinance did not leave open to sellers effective alternative means of advertising and that the ordinance was not generally concerned with aesthetic values or any other value unrelated to the suppression of free speech. More basic, however, was the fact that the ordinance like the ordinance in the Virginia Pharmacy case (supra) acted to prevent its residents from obtaining certain information vital to the town’s residents. In rejecting the claim that the only way a State or one of its political subdivisions can protect its citizens was to deny them information that is neither false nor misleading, the Supreme Court in Virginia Pharmacy Bd. v Virginia Consumer Council (425 US 748, 770, supra), stated: "There is, of counse, an alternative to this highly paternalistic approach. That alternative is to assume that this information is not in itself harmful, that people will preceive their own best interests if only they are well enough informed, and that the best means to that end is to open the channels of communication rather than to close them. * * * It is precisely this kind of choice, between the dangers of suppressing information, and the dangers of its misuse if it is freely available, that the First Amendment makes for us.”
Thereafter, the Supreme Court of the United States relying on the rationale set forth in Virginia Pharmacy (supra) and *529 Linmark Assoc. (supra) held in Bates v State Bar of Ariz. (433 US 35) that since the First Amendment applied to commercial speech, State Bar Associations can regulate but not forbid attorneys to advertise their services. Involved there was an advertisement with the heading "Do You Need a Laywer? Legal Services at Very Reasonable Fees.” Thereafter, the fees charged for several different proceedings were set forth. The court held that advertising by attorneys may not be subject to blanket suppression and that the advertisement at issue was protected. The court went on to state that advertisements which are fake, deceptive or misleading are subject to restraint and and that certain claims which are not susceptible to measurement or verification may be so likely to be misleading as to properly permit their restriction.
In the instant matter, the restriction is sought to be sustained upon the theory that the prohibited signs are misleading or could be deceptive. However, it is of great significance that in Bates (supra) the United States Supreme Court held constitutionally protected an advertisement which stated that the service would be rendered "at very reasonable fees,” and cannot readily distinguish that advertisement from one which states "check or low low low prices.”
Of course, cognizance should be taken of the fact that in Bates (supra) the statute was a prohibitory one and imposed a total restriction advertising, whereas it could be argued that the Westchester County local law was merely regulatory in nature, since it permitted (in fact required) price signs to be posted above the pump. However, this distinction is not sufficient to uphold the constitutionality of the local law. It would appear that the United States Supreme Court implied in Bates (supra) that where a matter advertised is easily susceptible to measurement or verification, it cannot be deemed to be so likely to mislead or deceive as to warrant its prohibition. Thus, in the case of gasoline prices, the allegation of "low low low prices” can easily be verified at the pump where the price is posted and the banning of such signs would be an infringement upon defendant’s First Amendment rights.
Moreover, the section of the local law under attack does not provide a realistic alternative for the owners of gasoline service stations to reach persons not deliberately seeking information. Indeed, the posting of the smaller signs on the pumps as required by the local law is not as effective a media for communicating the message than a large sign in front of *530 the premises. Furthermore, since section 3 of Westchester County Local Law No. 9 of the Local Laws of 1974 prohibits all effective means of advertising, the section is unconstitutional (see Linmark Assoc. v Willingboro, 431 US 85, supra).
Parenthetically, it should be noted that were the statute written in such manner so as to be validly applied to defendant although unconstitutional to others, defendant would have no standing inasmuch as the overbreadth principle in First Amendment cases does not apply to commercial speech (Bates v State Bar of Ariz., 433 US 350, supra). However, inasmuch as the local law in question does not ban only those signs which are deceptive but is, in effect, a total ban on all signs other than prices at the pump, regardless of intent, the law cannot be constitutionally applied to defendant, and defendant may, therefore, properly challenge its constitutionality.