# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1276**

**CA 13-00539**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

AFFINITY ELMWOOD GATEWAY PROPERTIES LLC,
PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

AJC PROPERTIES LLC, ET AL., DEFENDANTS,
EVELYN BENCINICH, SUSAN M. DAVIS, STEVEN
GATHERS, ANGELINE C. GENOVESE, SANDRA GIRAGE
AND LORENZ M. WUSTNER, DEFENDANTS-APPELLANTS.
------------------------------------------------
ARTHUR J. GIACALONE, APPELLANT.
(APPEAL NO. 1.)

---

ARTHUR J. GIACALONE, EAST AURORA, APPELLANT PRO SE, AND FOR
DEFENDANTS-APPELLANTS.

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (BRENDAN H. LITTLE OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered February 21, 2013.  The order, inter alia, sua sponte precluded nonparty Arthur J. Giacalone, Esq., from communicating with nonparty Kaleida Health concerning the subject matter of this litigation and denied the cross motion of defendants-appellants for sanctions.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the second ordering paragraph and as modified the order is affirmed without costs in accordance with the following Memorandum:  Plaintiff commenced this action to extinguish a restrictive covenant in a deed.  In appeal No. 1, defendants-appellants (hereafter, defendants), and their attorney, nonparty Arthur J. Giacalone, Esq. (collectively, appellants), appeal from those parts of an order that, sua sponte, precluded Giacalone from communicating with nonparty Kaleida Health (Kaleida) pursuant to CPLR 3103 concerning the subject matter of this litigation, and also denied defendants' cross motion for sanctions.  In appeal No. 2, defendants appeal from an order denying their cross motion for recusal.

In appeal No. 1, we agree with appellants that Supreme Court abused its discretion in precluding Giacalone from communicating with Kaleida pursuant to CPLR 3103.  Plaintiff sought, inter alia, to enjoin Giacalone from communicating with Kaleida on the ground that

Giacalone had violated the New York Rules of Professional Conduct (22 NYCRR 1200.0 *et seq*.), and the order to show cause bringing on the motion contained a temporary restraining order (TRO) enjoining Giacalone from engaging in certain conduct. By the order in appeal No. 1, the court, inter alia, denied that part of plaintiff's motion based on the alleged violation of the Rules of Professional Conduct and vacated the TRO, but the court also sua sponte granted the relief with respect to Kaleida pursuant to CPLR 3103. In pertinent part, that statute permits the court to issue "a protective order denying, limiting, conditioning or regulating the use of any disclosure device" (CPLR 3103 [a]). Here, however, there was no evidence establishing that Giacalone had misused the discovery process. Indeed, the documents submitted in support of plaintiff's order to show cause do not mention the discovery process, nor do they contain any evidence establishing that the conduct complained of was related to any information obtained in that process. Thus, inasmuch as "plaintiff failed to show that there was anything unreasonable or improper about defendants' demands" or the use of discovery materials by defendants and Giacalone (*Response Personnel, Inc. v Aschenbrenner*, 77 AD3d 518, 519), and there was no indication that "the disclosure process [was] used to harass or unduly burden a party" or a witness (*Barouh Eaton Allen Corp. v International Bus. Machs. Corp.*, 76 AD2d 873, 874; *see Seaman v Wyckoff Hgts. Med. Ctr., Inc.*, 25 AD3d 598, 599, *lv dismissed* 7 NY3d 864), the court abused its discretion in precluding Giacalone from communicating with Kaleida (*cf. Jones v Maples*, 257 AD2d 53, 56-57). We therefore modify the order by vacating the ordering paragraph in which that relief was granted. In light of our determination, we do not consider appellants' further contentions concerning preclusion.

Also by the order in appeal No. 1, the court vacated the TRO, and thus any issue raised by appellants concerning "the validity of the grant of [the TRO] . . . is for all intents and purposes rendered moot" (*Stubbart v County of Monroe*, 58 AD2d 25, 29, *lv denied* 42 NY2d 808; *see generally Welch Foods, Inc. v Wilson*, 262 AD2d 949, 950-951). Contrary to appellants' contention, the exception to the mootness doctrine does not apply (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715).

Contrary to appellants' further contention, the court did not improvidently exercise its discretion in denying that part of their cross motion that sought the imposition of sanctions (*see generally* 22 NYCRR 130-1.1 [a]).

Finally, contrary to defendants' contention in appeal No. 2, the court did not abuse its discretion in denying their recusal motion. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal . . . [and a] court's decision in this respect may not be overturned unless it was an abuse of discretion" (*People v Moreno*, 70 NY2d 403, 405-406; *see Curto v Zittel's Dairy Farm*, 106 AD3d 1482, 1482-1483). Here, defendants' "claim of bias is not supported by the record and is thus insufficient to require recusal. There is no evidence that any alleged bias had result[ed] in an opinion on the merits [of this case] on some basis other than what the [J]udge learned from [his] participation in the

case" (*Matter of McLaughlin v McLaughlin*, 104 AD3d 1315, 1316 [internal quotation marks omitted]; *see United States v Grinnell Corp.*, 384 US 563, 583; *Matter of Petkovsek v Snyder*, 251 AD2d 1086, 1086-1087).