# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1017**
**CA 15-02096**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

ZOLTAN SZALAY AND DEBRA SZALAY,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

TOWN OF WEBSTER POLICE DEPARTMENT AND TOWN OF
WEBSTER POLICE OFFICER SCOTT SMITH,
DEFENDANTS-RESPONDENTS.

---

ZOLTAN SZALAY, PLAINTIFF-APPELLANT PRO SE.

DEBRA SZALAY, PLAINTIFF-APPELLANT PRO SE.

SUGARMAN LAW FIRM LLP, BUFFALO (BRENNA C. GUBALA OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered August 12, 2015. The order denied the motion of plaintiffs for summary judgment, granted the cross motion of defendants to dismiss the complaint and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for personal injuries allegedly sustained by plaintiff Zoltan Szalay during an altercation with defendant police officer. Contrary to plaintiffs' contention, Supreme Court properly granted defendants' cross motion seeking to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (8) on the ground that the court lacked jurisdiction because plaintiffs failed to serve a notice of claim as required by General Municipal Law § 50-e (1). It is well established that the service of a notice of claim "is a condition precedent to a lawsuit against a municipal [defendant]" (*Davidson v Bronx Mun. Hosp.*, 64 NY2d 59, 61), and it is undisputed that plaintiffs failed to serve a notice of claim with respect to the incident at issue. Plaintiffs failed to preserve for our review their contention that the Acting Supreme Court Justice should have recused herself because, inter alia, she is a resident of the Town of Webster and her daughter and plaintiffs' daughter were classmates inasmuch as they failed to raise those issues before the court (*see generally Matter of Rath v Melens*, 15 AD3d 837, 837). In any event, plaintiffs' " 'claim of bias is not supported by the record and is thus insufficient to require recusal' " (*Affinity*

*Elmwood Gateway Props. LLC v AJC Props. LLC*, 113 AD3d 1094, 1096). We have reviewed plaintiffs' remaining contentions and conclude that they are without merit.

Entered: November 10, 2016 Frances E. Cafarell
Clerk of the Court